STARR v. WHITCOMB.

GARNISHMENT—MOTION TO DISMISS—PROPRIETY.

A motion by a garnishee defendant to dismiss the proceeding on the ground that the principal defendant is a bankrupt, that the plaintiff and the trustee in bankruptcy are seeking to impound the same assets, and that the assets, if any, in the garnishee's hands passed to the trustee by virtue of the adjudication in bankruptcy, should be denied without requiring plaintiff to traverse the facts set up in the motion, and the garnishee required to file his disclosure, upon which the inquiry may proceed in the statutory manner.

Error to Wayne; Brooke, J. Submitted October 16, 1907. ( Docket No. 60.) Decided December 30, 1907.

Garnishment proceedings by Mary B. L. Starr against Edgar B. Whitcomb as garnishee defendant of James Vaughan. There was an order quashing the proceedings, and plaintiff brings error. Reversed.

*Graves & Hatch,* for appellant.

*Herbert C. Munro* and *Jasper C. Gates,* for appellee.

OSTRANDER, J. Plaintiff obtained judgment against a bankrupt upon his cognovit and, nearly a year after the adjudication of bankruptcy, began the pending garnishment proceeding, filing an affidavit in the usual form. Without filing a disclosure, the garnishee defendant moved for an order quashing the garnishment proceeding. No issue was framed, the court below granted the motion, and the plaintiff in garnishment assigned error. The validity of plaintiff's judgment and her standing as a creditor whose demand will survive the discharge of the bankrupt are not questioned. It is the contention of counsel for the garnishee that it is affirmatively made to appear that the trustee in bankruptcy and the plaintiff

creditor seek to reach and impound the same assets of the bankrupt, that all demands of the bankrupt against the garnishee passed to the trustee by virtue of the adjudication in bankruptcy; that plaintiff, if she disputes these facts and claims there is property the title to which did not so pass, should have traversed the allegations made to support the motion so that in this proceeding her right to proceed further may be determined.

It does appear that plaintiff proved her claim against the bankrupt's estate, that her demand arose prior to the adjudication, that she does seek in the garnishment proceeding to reach and impound money and property which the trustee in bankruptcy, in a pending suit instituted by him against the garnishee defendant, also seeks; or, as recited in a stipulation entered into by the trustee, by the same counsel who represent the plaintiff in garnisment, by the plaintiff and by the defendant in garnishment, the trustee makes certain claims and demands in behalf of the bankrupt estate against the garnishee defendant who denies the validity of all of said claims and the plaintiff Starr asserts the right to enforce against said defendant a portion of the same claims and demands which the said trustee is endeavoring to enforce. It appears by the allegations of the bill filed by the trustee that the bankrupt was a retail dealer in pianos in Detroit, and had become indebted to the garnishee defendant; that the property in the hands of defendant, which the trustee seeks, is a large number of piano contracts and pianos delivered to defendant by the bankrupt before the adjudication. It is undoubtedly the law that the creditor may not pursue and subject to payment of his demand assets of the bankrupt existing at the time of the adjudication and not abandoned by the trustee. Title to all such assets, with the exclusive right to recover and possess them for the benefit of the bankrupt's estate, is vested in the trustee. The power and duty of a court, upon proper showing, to interrupt and dismiss proceedings instituted by a creditor to recover property, the

title to which is in the trustee, is not denied. In this proceeding it is asserted by the creditor that the defendant has property, etc., belonging to the bankrupt and is indebted to him. Defendant alleges that if he had any property, etc., at the time of service of the writ, the title to the same would have been by virtue of the premises vested in the trustee, for which reason he cannot be made liable to the plaintiff in the garnishment suit. We are of opinion that the issue is not one which can properly be tried upon affidavits. If tendered, as it may be, by a disclosure, it is an issue which plaintiff in garnishment is entitled of right to investigate according to the statute method. This method would be, in many respects, precisely reversed, if the plaintiff in garnishment is required, at the instance of defendant, upon a motion to dismiss, to raise and have determined the precise issue which her affidavit and the disclosure will present. We are therefore of opinion that the order of the court dismissing the garnishment suit should be reversed and that the defendant in garnishment should make disclosure. As the parties have stipulated that the garnishment suit may be tried before the court without a jury at the same time that the chancery case is tried, defendant is not likely to be greatly embarrassed.

McALVAY, C. J., and CARPENTER, HOOKER, and MOORE, JJ., concurred.