## TABER *v.* WAYNE CIRCUIT JUDGE.[1]

1. MANDAMUS—JUDGMENT—AMENDING RECORD.

The error of the clerk of a court of record, in failing to enter a judgment rendered by the court, may be subsequently corrected and the judgment entered nunc pro tunc, even after the commencement of garnishment proceedings based on the judgment.

2. GARNISHMENT—NOTICE OF JUDGMENT.

The garnishee having no interest in the original judgment is not entitled to notice of the entry thereof.

3. MANDAMUS—DISCHARGE IN BANKRUPTCY—SETTING ASIDE COGNOVIT.

An order of the circuit court setting aside a cognovit and staying proceedings thereon, on the ground that the debt had

[1]Removed by writ of error to United States Supreme Court.

been proved and discharged in bankruptcy, will be vacated
on mandamus; it appearing that the party who executed the
cognovit was guilty of long delay in making the motion, and
knew when he executed the cognovit, subsequent to the ad-
judication in bankruptcy, the purpose for which it would be
used.

4. DISCHARGE IN BANKRUPTCY—WAIVER.
   A discharge in bankruptcy is personal and may be waived by
   executing a cognovit, after the adjudication of bankruptcy,
   to be used in obtaining a judgment as a basis for certain
   garnishment proceedings.

5. PRACTICE—MOTION TO VACATE—SUIT PENDING.
   Questions pending adjudication between the same parties in a
   suit in chancery may not be determined on a subsequent
   motion, in a different court, to vacate a cognovit on which
   judgment had been rendered.

Mandamus by Lydia Starr Taber to compel Joseph W.
Donovan, circuit judge of Wayne county, to correct a
judgment entry, and to vacate an order setting aside a
cognovit.    Submitted December 21, 1908.    (Calendar
Nos. 23,116, 23,133.)    Writs granted May 26, 1909.

*H. H. Hatch,* for relator.

*Jasper C. Gates,* for respondent.

McALVAY, J.    These two applications for writs of
mandamus may be considered together.    The history of
the litigation involved in this suit, and a companion suit
of like character, begun at the same time, and in which
exactly the same proceedings were supposed to have been
had, will be found in *Starr* v. *Whitcomb;* 150 Mich. 491.
To avoid unnecessary length in the decision of these mo-
tions, the opinion in that case may very properly be in-
cluded as a part of this opinion.    By so doing the exact
situation at the time the case was sent back to the circuit
court for the trial of the issue to be joined will be under-
stood.

The garnishee defendant made disclosure in both cases,
and an issue was joined, and the cases were ready to be

tried. It was then discovered that the plaintiff in the case which was before this court, Mary B. L. Starr, had recently died. All the parties and their attorneys, in order to avoid the delay necessary to procure the appointment of an administrator, stipulated in writing that the companion case, wherein petitioner is plaintiff and the same parties principal defendant and garnishee defendant, might be substituted for the other case. Pursuant to these stipulations, the trial of the equity case referred to in the opinion, supra, and the garnishment case, came on to be heard together before the court without a jury, Hon. Byron R. Erskine, circuit judge presiding, and had proceeded until complainant had rested in the equity case and this petitioner as plaintiff had introduced all her evidence in the garnishment case except certain records, when it was discovered that the clerk of the court had failed to enter of record in the principal case the judgment rendered in her favor and against the principal defendant, upon the cognovit which had been duly filed and entered, having on August 22, 1905, duly entered the judgment in the other case and in petitioner's case a memorandum in the blotter or "short book" kept by him: "Judgment for plaintiff entered. Fee paid $2.00." The clerk, instead of the judgment entry, had later, on August 26, 1905, copied at length in the journal the cognovit, followed by the words "Entered nunc pro tunc as of August 22, 1905." Plaintiff at once moved the court for an order to correct the court journal and to enter a judgment upon such cognovit, nunc pro tunc, as of August 22, 1905, and also a stay of execution as agreed upon. The garnishee defendant alone objected. The presiding judge directed the motion to be heard before respondent, who had presided at the time the judgments were rendered. This motion was at once made; the garnishee again objecting, upon the grounds that he had received no notice when the judgment was rendered against the principal defendant, and that the principal defendant had been adjudicated a bankrupt. Respondent denied the motion on the ground that the garnishee had

not been heard.   A motion was then made by petitioner before presiding Judge Erskine to adjourn the trial of the garnishment case to give an opportunity to correct the journal and procure a judgment entry against the principal defendant.   The garnishee defendant then moved for a judgment in his favor for want of such judgment. This motion was denied, and the court announced that the case had proceeded upon the theory that a judgment existed against the principal defendant, and that knowledge of the fact that no judgment had been entered came as a surprise to counsel for both parties, and granted plaintiff's motion and continued the case to give opportunity to apply for a correction of the record.

Thereupon the first application was made to this court for a writ of mandamus to require the respondent to enter a judgment nunc pro tunc, according to the facts, and also a stay according to the terms of the cognovit.   The circuit court, Judge Erskine presiding, was notified of this application.   Afterwards, while this application was pending in this court, to the knowledge of counsel for garnishee defendant, said counsel secured from the principal defendant a petition which sets up at length all of the facts in this suit relating to the cognovit and the entry in the clerk's blotter called the "short book," which states:    "Judgment for plaintiff entered.    Fee paid $2.00."   Said petition also sets up at length the bankruptcy proceedings, the proof of plaintiff's claim, and the discharge.   He also appoints garnishee defendant's attorney his attorney to take all steps necessary for him to set aside said cognovit, short-book entry, and all orders or judgments based thereon, averring that the proceedings in said suit are wholly void for the reason that the same debt proved in bankruptcy is the basis of said suit, and not exempted from a discharge, and by reason of said discharge the debt, cognovit, and entry were vacated and annulled.   This petition prayed for an order directing that said cognovit and entry for the reasons stated be set aside, vacated, and annulled, and a perpetual stay of all

proceedings in said court in relation thereto be granted. Plaintiff answered at length, alleging, among other things: That defendant Vaughan, at the time he executed and delivered the cognovit, knew that the proof of claim of plaintiff had been filed in the bankruptcy proceedings in his case; that he understood and agreed to the terms of the cognovit, and it was agreed that plaintiff would make no objection to a belated application of discharge by him; that all these agreements were carried out; and that Vaughan has at no time since it was made ever objected to the cognovit or questioned its binding force and effect. On November 2, 1908, respondent, upon the petition and answer, without further showing, entered an order granting the prayer of the petition and setting aside the cognovit and entry and perpetually staying all proceedings in said court and cause based thereon. On the same day petitioner made a motion to vacate this order, which was denied, and the application for a writ of mandamus requiring the circuit judge to set aside and vacate said order is the second application for consideration. The answers of respondent are necessarily very much alike. Practically the same arguments and reasons are advanced in behalf of the garnishee defendant in both motions.

There is practically no dispute upon or denial of the material facts set up in the petitions before us. There is no question but that in both of the suits against the principal defendant cognovits were filed by his attorneys of record, containing the requirement that executions upon the judgments to be entered for plaintiffs should be perpetually stayed. It clearly appears that in both cases on August 22, 1905, judgments were rendered by and before respondent in favor of plaintiffs. In one of these cases judgment was duly entered. In the other case, by some mistake or oversight of the clerk of the court, the judgment was not entered in the journal. There was, however, entered in the blotter of the clerk, called the "short book," on that date the following: "No. 45,573, Lydia Starr Taber v. James Vaughan. Judgment for plaintiff

entered.   Fee paid $2.00."   How and when this error was
discovered has already been stated.   At once the parties
suspended the trial of the cases before Judge Erskine and
appeared before respondent with a motion to correct the
record and enter a judgment nunc pro tunc.   The reason
given for refusing this motion was that the garnishee de-
fendant had no notice of the judgment and was not repre-
sented.

This garnishment proceeding was begun after judgment
recovered and is founded upon it.   We cannot understand
what rights the garnishee defendant had at that time.
He appeared before respondent by counsel upon this mo-
tion and objected, for the reason that his client at the time
had no notice of the entry of the judgment, and also that
the principal defendant had been adjudicated a bankrupt.
This motion was not one asking for a judgment, but to
correct a record according to the fact to show the entry of
a judgment duly rendered August 22, 1905.   From the
stipulations and acts of the parties in substituting this
case for the *Starr Case*, upon the death of that plaintiff,
and from the garnishee defendant's answer, it clearly ap-
pears that this garnishee defendant proceeded upon the
assumption that judgments had been rendered in both
cases.   The discovery that in this case the judgment had
not been entered in the court journal was a surprise to all
connected with the case.   There was no dispute as to the
facts presented by the motion.   The second objection of
the garnishee defendant was not passed upon by respond-
ent.   The bankruptcy of defendant Vaughan was relied
upon in *Starr* v. *Whitcomb*, supra, by the garnishee de-
fendant in urging that the garnishee proceedings be
quashed.   That contention was overruled by this court
after mature consideration of the case presented.   There
was no substantial ground upon which to predicate the
action of respondent.   The denial of this motion was an
abuse of judicial discretion.   The remedy applied for is
the only adequate one open to petitioner.

The circumstances upon which the second application for a writ of mandamus was made necessary have already been stated. The practice indulged in by one of the attorneys for the garnishee defendant to appear for defendant Vaughan in the principal case, without a substitution of attorneys, is not to be commended; and the action of the same attorney in taking this proceeding to set aside the cognovit and the record of the judgment in the "short book," with knowledge that application had already been made, and was then pending in this court, for a writ of mandamus to require respondent to enter a judgment nunc pro tunc, in the same case, is most unusual, especially when such action could have been taken for no other purpose than to destroy the effect of any determination by this court in the mandamus proceeding.

No claim is made that the cognovit was secured by fraud or mistake. In fact the contrary appears in the petition. No claim is made that the cognovit or the judgment rendered upon it was to be used in any other manner than that prescribed by its terms. No excuse whatever is offered to account for the delay in questioning its validity. Judgment was rendered upon the cognovit August 22, 1905, and the petition to set aside the cognovit was filed October 27, 1908. This was in fact a petition to vacate and set aside a judgment after the party in whose favor it was rendered, relying upon it, had prosecuted the garnishee suit. The defendant Vaughan should have pleaded the matter within his knowledge now set up in his petition in defense of the action, if he intended to rely upon it. To interpose the defense of bankruptcy is a personal privilege which may be waived. This he did by executing and delivering this cognovit. Under the facts above set forth, he must be held guilty of laches, which he in no way attempts to excuse or explain. By his petition he shows no interest in the subject-matter of the suit, and no possibility of any prejudice to him or his interests, arising by reason of such cognovit and judgment. The questions as to the effect of the bankruptcy proceed-

ings and the part plaintiff has taken in them are by the order of this court now being litigated in the equity case brought by the trustee in bankruptcy against Whitcomb, and the garnishee case brought against the same defendant. In those cases the rights of the creditors and of the garnishee defendant Whitcomb will be determined.

The petition of defendant Vaughan, for the reasons above given, should have been denied. It was without merit both in fact and in law. Granting it was not the exercise of a reasonable judicial discretion on the part of respondent, but amounted to an abuse of such discretion.

Writs of mandamus will issue in both motions in accordance with the prayers of the several petitions.

BLAIR, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.