MONARCH DRESS CO. *v.* ADDISON FASHION SHOP.

1. BANKRUPTCY—DEFENSE OF DISCHARGE IN BANKRUPTCY PERSONAL PRIVILEGE—WAIVED IF NOT PLEADED.

     The defense of discharge in bankruptcy is a personal privilege which may be waived, and if not pleaded a judgment against the bankrupt would be fully effective.

2. NOVATION—CAUSE OF ACTION REINSTATED BY REPUDIATION OF NOVATION BY BOTH PARTIES.

     If the original cause of action for goods sold and delivered was superseded by the receipt of postdated checks as payment, it was reinstated by the subsequent repudiation of the novation, in that the seller's chief counsel expressly disclaimed the checks as payment, and instituted two actions on the account before the checks were payable, and the buyer stopped payment of the checks before they were payable.

3. JUDGMENT—RECOVERY FOR PART OF SINGLE BILL OF GOODS BARS ACTION FOR RESIDUE.

     A cause of action for goods sold and delivered in a single bill of goods was single and not severable, and a recovery for one part barred a subsequent action for another part or the residue.

4. JUSTICES OF THE PEACE—WHERE PLEA OF RES ADJUDICATA MADE NO AMENDMENT NECESSARY IN CIRCUIT COURT.

     In an action in justice's court for goods sold and delivered, where defendant pleaded payment in full and that a prior judgment was *res adjudicata* of the issues in the pending suit the issue was properly raised and no amendment was necessary in the circuit court, on appeal.

Error to Wayne; Murphy (Alfred J.), J. Submitted April 20, 1928. (Docket No. 28, Calendar No. 33,110.) Decided June 4, 1928.

Assumpsit in justice's court by the Monarch Dress Company against the Addison Fashion Shop for goods

sold and delivered.   There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for defendant.   Plaintiff brings error.   Affirmed.

*Max Kahn* (*Leonard V. Pylkas*, of counsel), for appellant.

*David I. Hubar* (*Milton M. Maddin,* of counsel), for appellee.

FEAD, C. J.   On July 9, 1923, defendant purchased of plaintiff a single bill of goods amounting to $1,439.95, due October 1, 1923.   It paid $100 on October 1, 1923, and $400 on October 23, 1923. On the latter date, it gave plaintiff four postdated checks to cover the balance of $939.95, the checks being made payable $200, November 23, 1923, $200, December 23, 1923, $200, January 23, 1924, and $339.95, February 23, 1924.   On October 30, 1923, plaintiff brought suit against defendant in the justice's court of Detroit for $480.50, for goods sold and delivered, the bill of particulars covering items selected from the original account, aggregating $980.50, with cash payment credit of $500 allowed thereon. Judgment was rendered for plaintiff November 23, 1923, and paid November 28, 1923.   On November 2, 1923, plaintiff commenced a second suit in justice's court on other selected items from the original bill, aggregating $459.45, the balance of the account.   This suit was discontinued December 6, 1923.   On November 17, 1923, defendant gave its bank a stop payment order on the checks.   On December 14, 1923, the present suit was commenced in justice's court, the bill of particulars disclosing that the cause of action was on the four postdated checks with credit of $480.50, the first judgment paid.   Defendant pleaded payment in full and that the judgment of November 23, 1923,

was *res adjudicata* of the issues in the pending suit.

Judgment was rendered for plaintiff January 16, 1924, for $459.45. Defendant appealed to the circuit court. Defendant later was adjudged a bankrupt and made composition with its creditors with confirmation by the court on December 11, 1924. Plaintiff did not file its claim in the bankruptcy proceedings but knew of them and participated in the administration of the estate.

Upon trial in the circuit court, defendant made the claim that the first suit in justice's court operated as an election of remedies by plaintiff, that the cause of action was not severable and judgment therein was a bar to the pending suit. Over plaintiff's objection, defendant was permitted to amend its notice to count on election of remedies.

Plaintiff was represented throughout the transaction by two counsel, Mr. Kahn, who directly represented plaintiff, and Mr. Pylkas, who worked for Mr. Kahn in that connection. Plaintiff asserted and defendant denied that the postdated checks were received as payment of the original account. Mr. Pylkas received the checks, Mr. Kahn commenced the first suit and Mr. Pylkas took the judgment. On November 29, 1923, in conversation with defendant's counsel, Mr. Kahn took the position that the checks had been taken merely as evidence of the amount due. The court found that the checks were originally received by Mr. Pylkas as payment of the indebtedness but that Mr. Kahn later agreed that they were not received in discharge of the indebtedness but merely as evidence thereof. The circuit court rendered judgment for defendant on the ground that plaintiff had elected to disregard the checks and had split its cause of action on the original account.

Counsel have devoted the major part of their briefs to a discussion of the effect of the bankruptcy pro-

ceedings · upon defendant's right to defend against plaintiff's claim. Plaintiff sought relief only against the surety on the appeal bond and contended that defendant had no standing in court to make a defense against judgment for plaintiff. Consideration of the unique contention made in this regard might be interesting but it would be merely academic, as the pleadings did not put the bankruptcy proceedings in issue. The defense of discharge in bankruptcy is a personal privilege which may be waived, and if not pleaded a judgment against the bankrupt would be fully effective. *Taber* v. *Wayne Circuit Judge*, 156 Mich. 652; 7 C. J. p. 414.

The original cause of action, if in fact superseded by receipt of the checks as payment by associate counsel for plaintiff, was reinstated in full force by subsequent repudiation of the novation. Not only did plaintiff's chief counsel, who had charge of the matter, expressly disclaim the checks as payment, but the subsequent conduct of the parties negatived the substitution, the plaintiff by the institution of two actions upon the original account before any of the checks were payable and by commencing the first suit for the whole balance before three of the checks were due, and the defendant by stopping payment of the checks at the bank before any were payable. The parties returned to the status existing before the checks were given. *Compton* v. *Blair*, 27 Mich. 397.

The original cause of action was single and not severable. A recovery for one part barred subsequent action for another part or the residue. The judgment in the first suit was an adjudication of all the damages to which plaintiff was entitled, arising out of such cause of action. 1 C. J. p. 1116; 34 C. J. p. 827; *Dutton* v. *Shaw*, 35 Mich. 431; *Kruce* v. *Lakeside Biscuit Co.*, 198 Mich. 736; *A. Krolik & Co.* v. *Ossowski*, 213 Mich. 1; *Brewster Loud Lumber Co.* v. *General Builders' Supply Co.*, 233 Mich. 633. As

the judgment was *res adjudicata* of the amount of recovery, the issue was properly raised under the notice in defendant's plea in justice's court. No amendment was necessary in the circuit court.

The judgment is affirmed, with costs.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.