## Seese v. Sibel

*William H. Soisson, Jr.*, for plaintiff.

*J. C. Glassburn*, for defendant.

DUMBAULD, P. J., May 21, 1940.—At the above number and term (529 March term, 1939), plaintiff, Paul Seese, recovered judgment against defendant, John H. D. Sibel. Upon this judgment an execution was issued and a levy on certain personal property was made by the Sheriff of Fayette County.

J. S. Detwiler, petitioner, is not a party to the judgment. He alleges that he is the owner of the personal property levied upon.

The petition, in addition to this claim of ownership, sets up a proceeding in bankruptcy, wherein the said John H. D. Sibel was declared a bankrupt, and an ar-

rangement for a compromise of the indebtedness of the bankrupt. The allegations contained in paragraphs 4, 5, 6, and 7 of the petition inject a contention that the execution creditor's debt has been paid, rather than a statement showing how title to the personal property became vested in petitioner.

The petition prays that a rule be issued to show cause why the execution should not be set side and that all proceedings under the execution be stayed, pending the disposition of said rule.

On June 16, 1939, upon presentation of said petition, the court directed that a rule issue, as prayed for, and ordered that all proceedings under the execution be stayed, pending disposition of the rule.

Contending that no notice of the going out of this rule was received by the execution plaintiff or the sheriff in charge of the writ, certain items of the personal property previously levied upon by the sheriff were sold publicly at 10 a.m. of June 16, 1939. This sale was carried on after the stay order was signed by the court. There is nothing in the record to show that either the sheriff or the execution creditor had actual notice of the order of court in question. We, therefore, absolve the sheriff and the execution creditor from acting in contempt of the order of the court. We may, however, suggest that the title acquired by purchase at this sale, to any personal property involved therein, would rest on a very questionable foundation.

A careful consideration of the averments of the petition leads to the conclusion that they are altogether inadequate to justify the granting of the rule at the beginning, or to permit its being made absolute at the present time.

Petitioner is a stranger to the proceedings. His claim to ownership in the property levied upon furnishes no legal ground for setting aside or staying the execution. The law provides a means by which his claim to owner-

ship may be duly litigated. The Sheriff's Interpleader Act of June 22, 1931, P. L. 883, furnishes an ample, if not an exclusive, remedy for the protection of a claimant of property seized in execution: Thomas Massey & Co. v. Dunn, 19 Dist. R. 792.

If the execution plaintiff insists and the sheriff proceeds with the levy and sale, in spite of notice, an action in trespass for abuse of legal process is available to claimant: Korrallas v. Griffiths, 70 Pa. Superior Ct. 431.

We find no authority by which an execution upon a judgment, regular on its face, may be set aside or stayed by a third party upon the claim that the property levied upon is not that of the execution debtor but belongs to him.

We need not consider the matter of the bankruptcy of the execution debtor. At most, the allegation of bankruptcy contained in the petition raises a claim that plaintiff's debt was paid. A third party cannot inject himself into a proceeding on a judgment and execution by thus attacking the claim of the execution creditor. When the bankrupt himself asserts his discharge by reason of bankruptcy, the question of the discharge of the bankrupt's liability to plaintiff becomes a real question. Such question may not be raised by a third party: Moyer v. Dewey, 103 U. S. 301; Taber v. Donovan (Mich. 1909), 121 N. W. 481.

The rule to show cause must be discharged.

### Order

Now, May 21, 1940, upon and after consideration, it is ordered and directed that the rule heretofore granted to show cause why the execution in the above-styled case should not be set aside and that all proceedings under said execution be stayed, pending the disposition of the said rule, be and the same hereby is discharged at the cost of petitioner.