COFFEY, USE &C. v. WILSON & GUNTER.

1. Where a judgment is improperly entered by mistake of the clerk, and at the succeeding term amended *nunc pro tunc,* before which term a writ of error *coram vobis* was sued out, and the judgment superseded—held that, although the writ of error *coram vobis* might be wholly irregular, it could not be assigned as error, because there was no final action of the Court upon it, and its influence was spent on a void judgment.

Error to the County Court of Jackson.

THIS proceeding was commenced originally beforea justice of the peace, by the plaintiff against the defendants. The plaintiff having obtained judgment, the defendants appealed to the County Court of Jackson, where a judgment was also obtained by the plaintiff, and an entry appears, that a motion for a new trial made by the defendants, was overruled.

After the adjournment of the Court, the clerk issued a writ of error *coram vobis* in the cause, directed to the judge of the County Court, and upon which the judge endorsed, that it should operate as a *supersedeas* to the execution which had issued on bond, and security being given, &c.

At the succeeding term of the Court an entry was made, which recites, that it appeared to the satisfaction of the Court, that the motion of the defendant for a new trial at the last term had been granted, and was by mistake entered by the clerk, as having been overruled, and the order for a new trial was then made *nunc pro tunc*.

At a subsequent term of the Court a trial was had, and judgment rendered for the defendants. From this judgment the plaintiff prosecutes this writ of error, and assigns for error

1. There was no writ of error granted by the Court.

2. There was no petition for one.

3. The writ issued by the clerk was without authority and void.

4. The judge had no power to grant a *supersedeas*.

5. The Court erred in setting the verdict aside, and granting a new trial.

ROBINSON, for plaintiff in error.—HOPKINS, contra.

ORMOND, J.—We are relieved from the necessity of considering the assignments of error, which relate to the writ of error *coram vobis* which issued in this cause, because, conceding it to have been wholly irregular, there was no final action of the Court upon it; nor did it exert any influence upon the judgment finally entered in the cause.

The first judgment which was suspended by the writ of error *coram vobis* was, as subsequently appears, improperly ren-

dered from an incorrect entry made by the clerk, that a new trial was refused by the Court, when in fact it had been granted, and should have been so entered. This error was at the succeeding term corrected by the Court *nunc pro tunc*.

The only effect then of the writ of error *coram vobis* was to suspend a judgment entered by mistake, and conceding the writ to be irregular, it certainly cannot be complained of, when its action was spent upon a void judgment.

That every Court must have the power to correct its own entries, so as to make them speak the truth of the case, is too clear to be controverted, even after the adjournment of the Court, on sufficient evidence, that an error of fact has been committed.

The judgment of the Court below is therefore affirmed.