## CHIGHIZOLA'S HEIRS *vs.* DOE ex dem. ESLAVA.

1. After the rendition of a judgment in ejectment for the plaintiff, the parties entered into a written agreement, fixing a different boundary line from that ascertained by the judgment ; at the bottom of this agreement was written, in the handwriting of the presiding judge, this memorandum : " The judgment heretofore rendered in this case is set aside, and the foregoing agree-

ment;" and the agreement was entered on the minutes of the court at the same term: *Held*, that this was not sufficient evidence to authorize the rendition of a judgment *nunc pro tunc* at a subsequent term, and that the previous judgment was valid and subsisting.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. LYMAN GIBBONS.

ESLAVA obtained a judgment in ejectment against Jaques Chighizola, which was regularly entered on the minutes of the court on the 23d of April, 1844. On the 30th of May following, during the same term of the court, the parties entered into the following agreement : " In this case, the plaintiff and defendant agree that their mutual boundary line shall be as follows : beginning on the east side of Water street, at the distance of fifteen feet from the north line of Eslava's brick warehouse, and running eastwardly, and parallel with said brick warehouse, to the head of the wharf ; and the judgment in said cause to be entered up accordingly ; and this agreement to be filed in the case, to evidence the settlement of the boundary line. As witness my hand and seal, this 30th day of May, 1844." This agreement was signed and sealed by both parties, and attested by a witness ; and at the foot of it, in the handwriting of the presiding judge, was written this memorandum : " The judgment heretofore rendered in this case is set aside, and the foregoing agreement." This agreement was " entered at large on the minutes," on the 30th of May, 1844.

No execution was sued out on his judgment by the plaintiff ; but after the death of Chighizola he sued out a *scire facias* to revive the judgment, against his heirs at law and personal representatives, who are the plaintiffs in error. On the return of the *scire facias*, the defendants therein appeared, and pleaded *nul tiel record* ; "and produced from the original file of papers in the cause the agreement above set out, and proved the said memorandum to be in the handwriting of the presiding judge ; and moved the court that judgment *nunc pro tunc* be entered upon said agreement, and in conformity thereto, said agreement having been spread upon the minutes of the court ; which motion was overruled. The plaintiff then produced the judgment described in the *scire facias* ; and the court, upon consideration,

determined it was sufficient to support the same, and adjudged that the writ of possession may issue upon the judgment described in said *sci. fa.*"

The record sets out what purports to be a bill of exceptions, signed by the presiding judge, from which the above stated facts are extracted; but it does not appear that any objection or exception whatever was taken to the ruling of the court.

The judgment on the *scire facias*, and the refusal to enter judgment *nunc pro tunc*, are now assigned for error.

C. W. RAPIER and P. PHILLIPS, for plaintiffs in error.

GEO. N. STEWART, *contra.*

LIGON, J.—An inspection of the record in this case clearly demonstrates, that the judgment of the court below on the *scire facias* is free from error. The judgment on the minutes of the court at the Spring term of the Circuit Court, 1844, and that recited in the writ of *sci. fa.*, are the same, and on being inspected by the court below, on the issue of *nul tiel record*, fully justified the court in rendering judgment for the plaintiff, and ordering the writ of *habere facias possessionem* to execute that judgment.

But it is contended, that the agreement between the parties, entered on the minutes of the court at the same term at which the judgment of the court had been pronounced on the finding of the jury, taken in connection with the memorandum of the presiding judge found on said agreement, shows that the first judgment was vacated, or set aside, and is not, therefore, a valid and subsisting judgment which will support the *sci. fa.*, or justify the court in awarding execution against the defendant.

We cannot give our assent to these propositions. The agreement of the parties that a different boundary from that ascertained by the judgment of the court should be established between them, although that agreement is entered on the minutes, cannot have the effect to vary or vacate a judgment rendered more than a month previous, and which was complete in all its parts. The action of the court is indispensably necessary to make such alteration, and that at the same term at which the first judgment is obtained. If the judge fail to act in the matter at that term, his power over the judgment is gone, and it must remain as it was originally entered, and conclusive

between the parties, until it is reversed or vacated by some revisory tribunal. It is true, that if the judge does act in the premises, and makes a memorandum on his docket sufficiently certain to show what that action was, and the clerk fails to enter up the judgment accordingly, the judge, at any time before the first judgment is executed, may, on motion, correct the first judgment, by entering up a judgment *nunc pro tunc*, in accordance with the memorandum so made at the trial term of the cause. While, however, the judgment remains without amendment, the memorandum of the judge, though full and explicit, and showing that it should have been entered up in a manner different from what it appears on the record, is not available to the defendant on a *scire facias* to revive the judgment.—Hall v. Hudson, 20 Ala. R. 284. But, we apprehend, this could not be done upon a loose and inconclusive memorandum, made by the judge on a paper in the cause, or even on his docket; nor could it be done, if the entry so made by the judge was certain as far as it went, but was evidently left in an unfinished state. If it were not completed, the most natural inference would be, that the judge, for good reasons operating upon him at the time, designedly forebore to finish the order.—Brown v. Bartlett, 2 Ala. R. 29 ; *ib.* 164.

The entry relied upon in this case, to show that the judgment on which the *sci. fa.* issued had been set aside, although made by the judge who presided at the trial, was not made on the docket on which such entries are usually made, and to which reference may be had to correct clerical misprisions; but on a fugitive paper, which came into the cause after a perfect judgment, founded on the finding of a jury, had already been duly rendered by the court. It is without date, and incomplete in itself. No action could rightfully be taken upon it at a subsequent term. If it could be looked to at all, or relied upon to direct the action of the court at a subsequent term, it could only control the court so far as it is complete; and in the present case, the fullest effect that could be given to it would be, to set aside the former judgment, without authority to render any other. It would not authorize the rendition of the judgment according to the terms of the agreement, as the memorandum of the judge does not extend thus far. The legal effect would be the same, as if a new trial had been granted by the court, thus

vacating the former judgment altogether. This would go to the *scire facias*; but as it rests only upon the memorandum of the judge, on a paper on file in the cause, it could not hinder the revival of the judgment.—Hall v. Hudson, *supra*.

Our conclusion is, the judgment must be affirmed.