# TANNER, Adm'r, *vs.* HAYES et al.

[MOTION TO AMEND RECORD NUNC PRO TUNC.]

1. *Amendments nunc pro tunc; parol evidence inadmissible.*—On application to amend a judgment *nunc pro tunc* at a subsequent term, parol testimony is not admissible to supply the deficiencies of the record evidence.

2. *Same; discretionary power.*—The amendment, or rendition, of a judgment *nunc pro tunc*, is allowed in furtherance of justice, and is obliged to be to some extent discretionary. This court will not reverse the judgment of the lower court refusing such an application, unless it is made to appear that otherwise injustice will be done to the applicant, and that the rights of others will be invaded.

APPEAL from the Probate Court of Limestone.
Tried before Hon. JOSHUA P. COMAN.

Tanner, Adm'r, v. Hayes et al.

APPELLANT, as administrator of the estate of John H. Jones, deceased, moved the probate court, on the 11th day of May, 1871, to amend its record *nunc pro tunc*, so as to show that said estate was declared insolvent on the 23d day of March, 1868, instead of the 25th day of the same month and year, as appeared by the record. No reason is stated why the amendment should be made, the sole grounds upon which the motion was based being, as therein stated, "that said decree was in fact made and rendered on the 23d day of March, 1868, instead of on the 25th day of March, 1868, as now appears of record." The bill of exceptions recites that "said administrator was heard by his attorneys in favor of his motion, and that W. H. Hayes and Spalding, Lucas & Co. were heard by attorneys in opposition thereto, the said Hayes as assignee of E. M. Hussey, and the said Spalding, Lucas & Co. being creditors of said estate, and having filed their claims against said estate in time."

In support of his motion, appellant introduced in evidence a minute entry of the 25th of February, 1868, reciting that on that day appellant, as the administrator of said estate, reported said estate insolvent, and that thereupon the court fixed the fourth Monday in March, 1868, to hear and determine said report, and ordered publication, &c.

Appellant then introduced in evidence the minute entry of the decree declaring said estate insolvent, as found on page 250 of the minute book, which decree was dated as of March *25th*, 1868. He also introduced in evidence certain minute entries relating to other estates, which were dated respectively the 19th, 21st, and 23d days of March, which entries immediately preceded the minute entry of the 25th of March declaring said estate insolvent. He also introduced in evidence the entry in said minute book, found on page 251 of said book, which entry was in relation to another estate, and dated March 23d, 1868, and followed immediately after the decree of insolvency dated March 25th.

He next introduced in evidence the following entries of the judge on the docket, respectively on pages 303 and 316 :

234 "Estate J. H. Jones, } This day Wm. P. Tanner, adm'r
Rept. Insolvency. } of said est., makes report of insolvency. Set for 4th Monday in March. Pub. ord.
Feb. 25th, 1868."

250 "Estate of J. H. Jones, } This day said estate declared
Declared Insolvent. } insolvent, ordered that adm'r,
W. P. Tanner, make settlement 25th April. Ord. that pub.
be made.

March 23, 1868."

He next introduced in evidence two entries of the judge in relation to other estates, on said docket, one of said entries immediately preceding, and the other immediately following, the judge's entry on the docket of the declaration of insolvency of said estate, dated March 23d, 1868. Both of these entries were dated March *23d*, 1868, and corresponded with the minute entries of the court of same. date made in relation to said estates.

It was admitted that the 4th Monday in March, 1868, was the 23d day of March, and that there was no record or other evidence showing a continuance of the hearing of the matter of said report of insolvency from the 23d to the 25th day of March.

It was also admitted that Thomas J. Cox, who was clerk of the judge of probate sometime before, and at the date of said entry of the decree of insolvency, would swear, if present, that he made the minute entry, sought to be amended, from the entry of the judge on the docket, on page 316 of said docket, which entry is set out above, and recites, among other things, "This day said estate declared insolvent," and dated March 23d, 1868; that he intended the minute entry sought to be amended to conform in all things to said entry of the judge made on page 316 of his docket, dated March 23d, 1868. On the objection of said W. N. Hayes and others, the court rejected the testimony of Cox, and the appellant excepted.

The above is the substance of the bill of exceptions, except an agreement as to the effect of the decision in this case as to others in which the parties were interested. "All objections as to the parties to the motion were waived."

The court refused to allow the amendment, and hence this appeal.

HOUSTON & PRYOR, for appellant.

WALKER & JONES, contra.

B. F. SAFFOLD, J.—The appellant moved the probate court to amend its record nunc pro tunc, so as to show that the estate of John H. Jones, which he represented, was declared insolvent on the 23d of March, 1868, instead of the 25th of said month and year, as appears from the record.

In support of this motion, he offered the testimony of Thomas J. Cox, to the effect that he was the clerk who made the entry proposed to be amended, and that he wrote it from and by the authority of a docket entry made by the probate judge to the following effect: "Est. J. Haywood Jones, declared insolvent. This day said estate declared insolvent. Ordered that adm'r, W. P. Tanner, make settlement 25th April. Ord. that pub. be made, March 23, 1868." The court held the testimony inadmissible.

The application of the administrator was not made under the authority of any particular statute, but it invoked the aid of the court under the general law applicable to the amendment of judgments nunc pro tunc. It is a well established rule, that judgments can only be amended, or rendered, nunc pro tunc, when there is sufficient matter apparent on the record or entries of the court to amend by.—Hudson v. Hudson, 20 Ala. 364. Parol evidence can not be admitted to supply the deficiencies of the record evidence. The court did not err in excluding the testimony of Cox.—Harris v. Martin, 39 Ala. 556.

Every court must have authority to correct its own entries, so as to make them speak the truth, even after the adjournment of the court, on sufficient evidence.—Coffey v. Wilson & Gunter, 2 Ala. 701. The source of this inherent power is justice, and therefore the courts must have some discretion in altering their records after the time when they are said to import absolute verity. They some-

times impose terms on the party asking this indulgence, in order that it may not operate to the prejudice of others, and refuse it altogether, after a considerable lapse of time, where the delay has been owing to the applicant or his attorney. In other cases, the amendment or rendition is made to operate only from the date of the application. Tidd's Prac. 965, 972. It is proper that a party making such an application should assign some reason why he would be injured if the correction is not made.

The record evidence in support of the motion in this case is such, that if the court had decided reversely, we would not disturb its judgment. But inasmuch as no reason is given why the amendment is sought, and the rights of others may be prejudiced, and the presumption is legitimate that the term of the court commencing on the 23d of March was continued or protracted until the 25th, we sustain its action.

The judgment is affirmed.