# Campbell *v.* Beyers, *et al.*

## *Ejectment.*

(Decided November 7, 1914. 66 South. 651.)

1. *Courts; Judicial Record; Purpose.*—The purpose of a record once established by competent judicial authority is that it shall stand as a perpetual memorial of the action taken, and as an incontestable record, save for causes, and by methods within the exclusive powers of the court of chancery.

2. *Judgments; Entry in Vacation.*—A clerk of a court has no authority to enter judgment in vacation.

3. *Same; Power to Expunge.*—The entry of a judgment by a clerk of a court without authority is properly expunged, as courts have inherent powers to preserve the integrity of their record.

4. *Same; Amendment After Term; Ground.*—After the adjournment of a term at which it is rendered, a court may not alter or amend a judgment, except for a clerical error or omission on evidence shown in the record.

5. *Same; Nunc Pro Tunc.*—Where a verdict for plaintiff is written on the complaint and signed by the foreman of the jury, but no judgment is entered on the record, the judgment is properly entered nunc pro tunc after the term; the record of the court showing that at the term at which the verdict was rendered defendant moved for a new trial which was overruled.

6. *Same.*—The provisions of section 4140, Code 1907, are without application to the power of the court to enter a judgment after the term nunc pro tunc.

7. *Same; Judicial Records; Parol Evidence.*—Judgments of courts of record can only exist in the records of the court, and cannot rest in parol or be proved by parol evidence.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JAMES E. BLACKWOOD.

Ejectment by A. O. Campbell against Maggie Beyers and others. From an order overruling plaintiff's motion for entry of judgment on the verdict, and from an order granting a motion to expunge a judgment entered by the clerk of court, plaintiff appeals. Affirmed as to defendant's motion to expunge the judgment, and reversed as to plaintiff's motion for the entry of judgment nunc pro tunc.

M. M. & VICTOR H. SMITH, for appellant.

JAMES A. EMBRY, for appellee.

SAYRE, J.—Appellant brought his action of ejectment to the March term, 1912, of the circuit court of St. Clair, defendants (appellees) being duly served. Upon the minutes of that term there appears an entry in due form reciting a jury and verdict for plaintiff, and thereupon a judgment that plaintiff have and recover of defendants the land described in the complaint. At a subsequent term defendants showed to the court that the entry purporting to be a judgment had been spread upon the minutes by the clerk after the term of the court had expired and moved that it be expunged. It was so ordered. In a separate proceedings by way of counterstroke, plaintiff showed to the court a written indorsement upon the summons and complaint purporting to be the verdict of a jury

finding for the plaintiff for the land described in the complaint and signed by the foreman; and upon this moved the court to enter judgment accordingly. Plaintiff undertook to show nothing more than the verdict. It appeared that there had been no bench note or other memorandum directly evidencing the fact that a verdict had been rendered or that the court had passed judgment in pursuance of the verdict. The record, the whole of which we must presume was before the court, showed however that at the trial term defendants had made a motion to set aside the verdict and for a new trial which motion had been overruled. Plaintiff's motion that judgment be entered on the verdict was overruled. Plaintiff has appealed from both rulings, and the records are submitted here as one case.

In its ruling on defendants' motion the court was right. In *Wynn v. McCraney*, 156 Ala. 630, 46 South. 854, upon consideration of relevant statutes and the dangers of such practice, if allowed, it was deliberately adjudged that the clerk has no power or authority to enter judgment in vacation, even though there was in that case a docket memorandum by the judge which would have sufficed to authorize a judgment nunc pro tunc at a subsequent term. It follows that an entry so made is no record. The purpose of a record once established by competent judicial authority is that it shall stand as a perpetual memorial of the action taken and is incontestable as a record save for causes and by methods within the exclusive power of the court of chancery. Nor may the court which has rendered a judgment alter or amend the same, after the adjournment of the term, "except for a clerical error or omission on evidence shown by the record."—*Briggs v. T. C. I. Co.*, 175 Ala. 130, 57 South. 882; *Chambleev. Cole*, 128 Ala. 649, 30 South. 630. But courts have inherent

power to preserve the integrity of their records and may make orders necessary to that end. Here the judgment entry was false, in that it was not made by authority and the court properly ordered it to be expunged.

We have reached the conclusion, however, that on plaintiff's motion he should have had judgment upon the verdict in the form of a judgment nunc pro tunc. The verdict had been written upon the complaint and signed by the foreman as we have stated. This fact was not denied and was made plain by the complaint and the jury's indorsement thereon. It could not well be denied because the records of the court showed that at the same term defendants had moved the court to set aside the verdict and to grant a new trial on the ground that error had been committed, and that it was thereupon considered and adjudged by the court that said motion be overruled. This verdict and this record did not estop the defendants as by a judgment. There was no record of plaintiff's right as a thing adjudicated for the reason that no judgment had been entered to that effect. "It is the judgment of the court and not the finding of the jury which binds the parties. The adjudication is not in the verdict, but in the judgment adopted by the court."—*Lorillard v. Clyde,* 99 N. Y. 196, 1 N. E. 614; *Estate of Holbert,* 57 Cal. 257; *Schurmeier v. Johnson,* 10 Minn. 319 (Gil. 250).

The quasi record of the verdict and the memorial of the court's subsequent action in passing upon the motion to set aside the verdict, the last, if not the first, incontestable as far as it went, and explicably on the assumption that a verdict had been rendered, did not of themselves establish plaintiff's right of recovery, because a verdict, until it has passed into judgment, is liable to set aside by an order arresting judgment or

granting a new trial, and, in any event, formal judgment must be pronounced upon the verdict. But the record and the quasi record to which we have referred do establish the fact that a verdict for the plaintiff has been rendered (*Dougherty v. Lehigh Co.*, 202 Pa. 635, 52 Atl. 18, 90 Am. St. Rep. 660), and this without trenching upon the necessary rule that the judgments and proceedings of courts cannot be allowed to rest in parol. They establish the fact upon which in due course, nothing intervening to prevent, a judgment should have been rendered. This much established by competent evidence, it follows that the court may at a subsequent term, on due application and after due notice to the adverse party, proceed to render the judgment that should have been rendered at the term at which the verdict was returned into court. The cases hold that if a verdict properly responsive to the issues in a cause is shown by competent evidence, and it appears that by reason of some omission or inadvertence of the court judgment is not entered, it is competent for the court at a subsequent term to enter the appropriate judgment nunc pro tunc; the parties appearing and being heard.—1 Black on Judgments, § 121; *Gray v. Thomas*, 12 Smedes & M. (Miss.) 11; *Shephard v. Brenton*, 20 Iowa, 41; *Clanton v. State*, 96 Ala. 111, 11 South. 299; *Charles v. State*, 4 Port. 107.

In *Moody v. Keener*, 9 Port. 252, there was a motion to amend the judgment on the evidence furnished by what purported to be a jury finding indorsed in writing upon the writ. There was an entry on the judge's docket of the words "verdict for plff," but that entry was not sufficient for the purpose of the proposed amendment because the question to be solved in that case, was not whether the jury had rendered a verdict, but what were the terms of the verdict. On the issue

raised by the motion there was no evidence save the writing in the form of a verdict. That writing was not dated, nor was it signed by any person, nor was there any evidence at what time or by whom it was written. The court held this evidence insufficient to authorize the proposed amendment, saying however that: "Had there been any proof that the writing found on the writ, was the verdict rendered by the jury, it would have been sufficient; this proof could be made by any one of the jury, by the clerk, or by any person who knew the fact."

Ormond, J., differing from the rest of the bench, thought the writing conclusive under the circumstances. He observed, with much force as it appears to us, that the writ was a paper in the custody of the clerk, was in possession of the jury, and, in the absence of any proof calculated to discredit it, the inference could not be resisted that the writing upon it was made by the jury in accordance with the uniform practice to reduce verdicts to writing (although a verdict may be delivered to the court ore tenus), and was in fact their verdict. In the case before us the fact that the writing indorsed upon the summons and complaint purported to be a verdict signed by the foreman of a jury, that there was nothing to indicate that it was not what it purported to be, and that the parties and the court subsequently proceeded in the cause as upon a verdict found, is quite enough to authenticate the writing as a quasi record, and to induce the irresistible conclusion that it was in fact the verdict of the jury.

It may be noted that plaintiff's motion was not made under the statute (section 4140 of the Code) which requires the amendment of clerical errors or mistakes in final judgments, upon the application of either par-

[Campbell v. Byers, et al.]

ty, when there is sufficient matter apparent on the record or entries of the court to make the amendment. That statute neither confers nor limits the power the court was asked to exercise in this case. Here it must be held that there was no judgment rendered for there is no evidence that the court proceeded to judgment, and the judgments of courts of record can only exist in the records of the court. They cannot exist in parol or be proved by oral evidence.—*Stewart v. Stewart,* 31 Ala. 214; *Hull v. Hudson,* 20 Ala. 284; *Perkins v. Perkins,* 27 Ala. 479. The question is upon the sufficiency of the proof of a verdict and its terms, and whether, the verdict being established, the court in the exercise of its inherent power may at a subsequent term, no rights of third parties having intervened, proceed to render judgment in pursuance thereof. We think the proof has been competently and satisfactorily made in this case and that the court should have proceeded to judgment as moved by plaintiff's motion.

It follows from what has been said that the ruling and judgment of the court in the cause numbered 647 should be affirmed, while the ruling and judgment in the cause numbered 645 should be reversed and remanded. It is accordingly so ordered.

MCCLELLAN, DE GRAFFENRIED, and GARDNER, JJ., concur.