(108 So. 379)

Ex parte LOUISVILLE & N. R. CO.

LANGSTON v. LOUISVILLE & N. R. CO.

(6 Div. 387.)

(Supreme Court of Alabama. April 29, 1926.)

**1. Master and servant ⟨⟩412.**

Right of review by appellate court in proceedings under Workmen's Compensation Act is by certiorari.

**2. Appeal and error ⟨⟩1.**

Right of appeal is statutory.

**3. Master and servant ⟨⟩412—Statutes must be considered in pari materia, in determining decree in compensation case from which appeal by certiorari may be taken (Code 1923, §§ 7571, 7578, 7580).**

Code 1923, §§ 7578, 7580, providing for filing and entry of judgment in compensation case, are to be considered in pari materia with section 7571 in ascertaining nature of "decree" from which aggrieved party may "appeal" by certiorari within 30 days after its rendition.

**4. Master and servant ⟨⟩412—Determination of judge in compensation case must be formally enrolled before it becomes reviewable by certiorari (Code 1923, §§ 7571, 7578).**

Under Code 1923, § 7578, act of entry of determination of judge in compensation case must be performed by its due enrollment filed in writing with clerk before there is a determination that becomes decree within meaning of section 7571, reviewable by certiorari.

**5. Master and servant ⟨⟩412—Time for reviewing decree under Workmen's Compensation Act is counted from date of filing of decision (Code 1923, § 7543 et seq. and section 7571).**

Under Workmen's Compensation Act, time for reviewing decree by certiorari under Code

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1923, § 7571, is counted from date of filing with clerk of written expression of decision and decree of judge.

**6. Appeal and error ⊜➙347(1).**

Period of limitation for taking appeal begins to run from time of rendition of an appealable judgment, order, or decree.

**7. Master and servant ⊜➙412—Time for appeal and review by certiorari in compensation case is determined by date of formal enrollment of judgment (Code 1923, § 7543 et seq. and sections 7571, 7578).**

Where case under Workmen's Compensation Act was carried over by general order from December term, when judgment was rendered to January term, when determination of judge was filed in writing with clerk of court as required by Code 1923, § 7578, date within which section 7571 will run for appeal and review of decree by certiorari is the filing for enrollment of formal judgment.

Petition of the Louisville & Nashville Railroad Company for mandamus to Honorable Roger Snyder, as Judge of the Circuit Court of Jefferson County. Writ granted.

The petition alleges that on December 5, 1925, the cause of Steve Langston against the Louisville & Nashville Railroad Company, under the Workmen's Compensation Act (Code 1923, §§ 7543–7597), came on to be heard before the respondent, Snyder, in the circuit court of Jefferson county; that testimony was taken on said date and the cause was continued until December 10th for the taking of further testimony; that on December 10th the taking of testimony was concluded, and said case taken under advisement by the court; that 48 days thereafter, on January 27, respondent judge signed a finding of facts and decree in said cause, and on said date filed same with the clerk of the court; that, although said decree was rendered by respondent on January 27th and filed in court on said date, it appears from the body of the decree that same was signed on December 11, 1924, the day following the conclusion of the trial; that petitioner has made formal request of respondent to amend said finding and decree so as to show the true date upon which it was signed and rendered, but that respondent has failed and refused so to do. It is further shown that, in proceedings under the Workmen's Compensation Act, the aggrieved party must petition, by certiorari, for review within 30 days from the date of decree and that from the date shown in the body of the decree the period in which petitioner may appeal has expired; whereas, if said decree had been correctly dated, petitioner's time for appeal would not have expired.

The prayer is that a rule issue to respondent, requiring him to show cause why writ of mandamus should not issue to him directing him to erase from the records of the court the said incorrect date of December 11, 1924, and to insert thereon the true date of January 27, 1925.

Jones & Thomas, of Montgomery, and McClellan, Rice & Stone, W. W. Kennedy, and J. K. Jackson, all of Birmingham, for appellant.

When the right of appeal has once been granted, it cannot thereafter be abolished or abridged by the courts. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; 3 C. J. 660. The statute guarantees the aggrieved party the right of review by certiorari. Woodward Iron Co. v. Bradford, supra; Steagall v. Sloss Co., 206 Ala. 488, 90 So. 871. The decree takes effect and dates from the time it is entered. State v. Williams, 69 Ala. 311.

Roger Snyder, of Birmingham, pro se:

Respondent was without authority or jurisdiction to change the date of the decree. Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641.

PER CURIAM. The petition is for mandamus to a judge of the circuit court.

[1, 2] The right of review by appellate court is declared to be by certiorari. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803. The right of "appeal" is declared by the decisions to be statutory (Lewis v. Martin, 210 Ala. 401, 98 So. 635); that is to say, in Ex parte Tillman (Ala. Sup.) 108 So. 62,[1] it was declared that the effect of Woodward Iron Co. v. Bradford, supra, was that the right of appeal was a part of the remedy (Poull Co. v. Foy-Hays Const. Co., 159 Ala. 458, 48 So. 785), and that the Legislature can limit, restrict, or abolish the right of appeal so long as it does not attempt to restrict the right of this court to exercise its superintendence and control over inferior tribunals under section 140 of the Constitution. Ex parte L. & N. R. R. Co., 176 Ala. 631, 58 So. 315; Ex parte Croom & May, 19 Ala. 566.

The statute giving the right of review by certiorari under the Compensation Act (Code 1923, § 7543 et seq.) among other things provides that the decision of the judge hearing the case is conclusive and binding, subject to the right of appeal (as construed by this court [sections 7571, 7578, Code]) from such decree; that any party aggrieved "may by certiorari within 30 days thereafter appeal."

What, then, is the decision and decree of the judge hearing the case from which the appeal may be taken and review had in the appellate court?

In Lewis v. Martin, 210 Ala. 401, 418, 98 So. 635, the contest was of the probate of a will, where the trial was, as a matter of right, by a jury; it was held the entry of record of the mind and determination of the court audibly expressed was the decree entered pursuant to the verdict; that in such a case the ministerial act of entry of record of the determina-

---

⊜➙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 71.

tion of the court must be performed before that determination becomes the judgment, decree, or order, unless it be an order of continuance of motion for new trial or rehearing. It was there said:

"In Lanier v. Russell, 74 Ala. 364, a contest of the probate of a will before a jury, the declaration was made that 'a judgment, following a verdict, takes effect as of the day the verdict was rendered, *unless there is something in the record showing it was not pronounced on that day.*' (Italics supplied.) And in Lanier v. Richardson, 72 Ala. 134, the application was for mandamus in matter of entry of judgment on verdict establishing the will; and it was there held that 'the judgment necessarily follows the verdict, as in an action at law; and the verdict being rendered on Saturday morning, while the court is in session, the judgment is properly entered and dated as of that day, although the entry was not actually made until 10 o'clock at night, after the expiration of office hours.' The opinions in the last two cases were written by Judge Stone, and, apparently, in the same controversy, or branch thereof. His expression in the last opinion (Lanier v. Russell, 74 Ala. 364, 368) was that the judgment '*takes effect* as of the day the verdict was rendered, unless there is something in the record showing it [the decree or judgment] was not *pronounced* on that day'—meaning the day on which the jury returned the verdict. (Italics supplied.) The date of the final decree was that of its rendition, February 16, 1923."

The return of the circuit judge, respondent in the petition, is to the effect that "said judgment was rendered in its entirety on December 11, 1924"; that "whatever delay occurred in the enrollment of said judgment was the result of the petitioner's own conduct and solicitation, with full knowledge thereof, and without any fault whatsoever or responsibility therefor on the part of respondent, or any one else other than the petitioner and those who represented it"; that "the rendition of said judgment in its entirety on December 11, 1924, occurred in the presence of the petitioner's counsel and with their full and complete knowledge of the same, they being then and there given a copy of the same with the date thereon December 11, 1924, signifying the date of the rendition of said judgment"; that, "during the time that petitioner's counsel were seeking a rehearing and a change of said judgment, the term of the court at which said judgment was rendered expired"; and that thereafter respondent had no jurisdiction or power to change said judgment in any respect, there being no appropriate motion or anything else of record to justify or warrant respondent in altering said judgment, citing the case of Childers v. Samoset Mills, 213 Ala. 292, 104 So. 641.

[3] The right of review by certiorari proceeded from the decree required by the statute of the judge hearing the cause. It is required that said "determination shall be filed in writing, with the clerk of said court, and judgment shall be entered thereon in the same manner as in causes tried in the said circuit court, and shall contain a statement of the law and facts and conclusions as determined by said judge" (Code, § 7578), and, "whenever any decision or order is made and filed by the court," the clerk is required to forward copy of same to the probate judge, and the same shall become a lien in like manner as other registered judgments, unless the same is made by law a preferred lien. Section 7580. These and other subsequent provisions of the statute must be considered in pari materia with the preceding provisions of that statute (section 7571) in the ascertainment of the nature of the "decree" from which the aggrieved party may "appeal". by "certiorari within thirty days" after its rendition.

[4] It follows that the act of entry of the determination must be performed by its due enrollment "filed in writing with the clerk" before there is a determination that becomes a "decree" in the sense that the term is used in the statute providing for review by certiorari and the decisions. Lewis v. Martin, 210 Ala. 401, 410, and authorities 416–418, 98 So. 635. The pending cause of December 10th or December 11th was carried over to the next term by the general order to the date in January when the "determination," signed by said judge, was "filed in writing with the clerk of said court." Harris v. White, 212 Ala. 54, 101 So. 751.

The foregoing is not in conflict with Childers v. Samoset Mills, 213 Ala. 292, 104 So. 641, which dealt with a motion for a new trial and the judgment thereon; which was not decided within the term nor duly continued to the ensuing term. In the Lewis-Martin Case, supra, there was jury and verdict at one term, motion for new trial and questions of waiver of discontinuance of the motion, and thereafter the judgment or decree pursuant to the verdict of the jury was entered and enrolled at the ensuing term of the court, within the time the pending cause was continued by operation of law. This final decree, so entered at the subsequent term in that case, was made the basis of appeal from its entry, and was sustained. The date of the final decree was held to be that of its written rendition, which in that case was at the next term, February 16, 1923.

[5, 6] After a careful consideration of the pleadings under the Workmen's Compensation Act, and its provision for decision and review, the time must be counted from the date of the filing with the clerk of the written expression of the decision and decree of the judge hearing the cause. Such are the decisions in chancery cases: Pollard v. Am. Freehold L. M. Co., 103 Ala. 289,. 16 So. 801; Zaner v. Thrower, 203 Ala. 650, 653, 84 So. 820; Campbell v. Beyers, 189 Ala. 307, 66 So. 651; Wynn v. McCraney, 156 Ala. 630, 46 So. 854; 34 C. J. p. 52, § 182; 3 C. J. p. 1055, § 1054, "Appeal and Error." And in probate decrees: Hall, Adm'r, v. Hudson, Adm'r, 20

Ala. 284; Stewart's Adm'r v. Stewart's Heirs, 31 Ala. 207; Capell v. Landano, 34 Ala. 135; Lewis v. Martin, supra. And in law cases held judgments cannot rest in parol: Campbell v. Beyers, 189 Ala. 307, 66 So. 651; Chighizola's Heirs v. Doe ex dem. Eslava, 24 Ala. 237; Lockwood v. Thompson, 198 Ala. 295, 73 So. 504; Edwards v. Davenport, 11 Ala. App. 423, 66 So. 878. "Appealability" of judgments declared the same must have the "character of potentiality" and of "actuality as a judgment" and have the "probative force" as such. Wynn v. McCraney, supra; Long v. Holley, 157 Ala. 514, 47 So. 655; Ferrell v. City of Opelika, 144 Ala. 135, 39 So. 249; Ala. Nat. Bank v. Hunt, 125 Ala. 512, 28 So. 488; McDonald v. A. M. R. Co., 123 Ala. 228, 26 So. 165; Morgan v. Flexner, 105 Ala. 356, 16 So. 716; Bell v. Otto, 101 Ala. 187, 13 So. 43, 46 Am. St. Rep. 117. And in this jurisdiction the period of limitation begins to run from the time of the rendition of an appealable judgment, order or decree. Kirkland v. Mills, 138 Ala. 192, 35 So. 40; Smith v. Gordon, 138 Ala. 181, 35 So. 58; Lide v. Park, 132 Ala. 222, 31 So. 360; 34 C. J. p. 54, § 182; 3 C. J. p. 1055, § 1054.

Adverting to the sufficiency of judgment or order that would support an appeal, it should be indicated that the case of Bell v. Otts, 101 Ala. 186, 13 So. 43, 46 Am. St. Rep. 117, declared that a judgment is a final consideration and determination by a court having jurisdiction of the matter submitted, and should be in form, always be complete and certain in itself, showing that it is the court's adjudication. Plunkett v. Dendy, 197 Ala. 263, 72 So. 525; Martin v. Ala. Power Co., 208 Ala. 212, 94 So. 76; Clements v. Hodgens, 210 Ala. 486, 98 So. 467; Speed v. Cocke, 57 Ala. 209, 216.

Pending and undisposed causes carried forward to subsequent terms by the general order of continuance were the subject of Lewis v. Martin, 210 Ala. 401, 410, 411, 412 (17), 413, 98 So. 635. It is held that the date referred to in the statute within which bills of exception must be presented is that on which formal judgment or decree is rendered, and not the date on which the verdict is returned. Nat. Pyrites Co. v. Williams, 206 Ala. 4, 89 So. 291; Sorsby v. Wilkerson, 206 Ala. 190, 89 So. 657; Massey v. Pentecost, 206 Ala. 411, 90 So. 866; Liverpool, etc., Co. v. Lowe, 208 Ala. 12, 93 So. 765; Shipp v. Shelton, 193 Ala. 658, 69 So. 102. It was also held that the 30 days' statute only applies to final and formal judgments. Lewis v. Martin, 210 Ala. 411, 412, 98 So. 635; Ex parte Margart, 207 Ala. 604, 93 So. 505; A. C. L. R. Co. v. Burkett, 207 Ala. 344, 92 So. 456. It has been held that it is not a final judgment by default on common counts until writ of inquiry was executed which may be done after 30 days and at the next term. Ex parte Bozeman, 213 Ala. 223, 104 So. 402; Code 1923, § 6670.

[7] The foregoing will suffice to illustrate that the date within which the statute will run for appeal and review by certiorari must be the filing for enrolling of the formal judgment required by the statute.

Writ granted.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

