8 So.2d 183

**DU PREE et al. v. HART.**

7 Div. 695.

Supreme Court of Alabama.

May 14, 1942.

Rains & Rains and Roberts & Cunningham, all of Gadsden, for appellant.

George Murphy, of Childersburg, for appellee.

FOSTER, Justice.

An action for the conversion of an automobile was filed by appellee against appellants December 22, 1939, and executed December 27, 1939.

On February 5, 1940, a judgment by default appears on the minutes of the court

with a writ of inquiry as to the damages. On February 6, 1940, defendants filed demurrer. On February 19, 1940, defendants filed a motion to set aside the judgment by default, because prior to the entry of judgment, defendants had filed demurrers and were not in default. Defendants also filed an affidavit setting up a meritorious defense.

■ The motion came on for hearing March 21, 1940. At the same time plaintiff made a motion to strike the demurrers because they were not filed within the time allowed by law, and because a default judgment had been "taken against defendant." That motion was also heard on that day. The court refused to set aside the default judgment and granted the motion to strike the demurrer. The privilege of filing a demurrer was then discretionary with the court, though no default had been entered. Street v. Browning, 205 Ala. 110, 87 So. 527.

■ On August 30, 1940, the court executed the writ of inquiry, without a jury, and ascertained on the evidence that the amount of the damages was $50, and on that day rendered final judgment for $50. A motion to set it aside was filed and denied. An appeal was duly taken from the final judgment within the time allowed by law. That was the final judgment which will support the appeal. 2 Am.Jur. 869, section 33.

On hearing the motion to set aside the default judgment, and ordering the writ of inquiry, the bill of exceptions states that it was rendered under the following circumstances:

"More than thirty days after the service in this cause had been completed on the defendant at the regular call of the default docket, the attorney for the plaintiff appeared before the court and requested a default judgment, and the court consented to give the default judgment with leave to execute a writ of inquiry to assess damages at a later date, but failed to make any written memorandum of said judgment. In the meantime, and before any judgment entry of any kind on any docket was made by the court as to the default judgment, and before the execution of the writ of inquiry by the plaintiff, the defendant filed into court in this case demurrers as is evidenced by the demurrers set out elsewhere in the record together with the dates of filing thereon. After said demur-

rers were filed, the plaintiff brought to the attention of the court the fact that no entry of judgment had been made. The court then made the following entry:

"2–5–40 Judgment for plaintiff by default, writ of inquiry as to damages and leave granted to execute writ at later date."

"And dated said entry as of the date on which judgment was asked by the plaintiff, said date being prior to the filing of the demurrers, and prior to the execution of writ of inquiry by plaintiff or of any previous judgment entry by the court."

If the default was properly entered, the proceedings were regular. Code of 1940, Title 7, § 590; Code of 1923, section 7881 (the Code of 1923 was then effective.).

Appellants first assign as error the entering of the default under circumstances as shown by the bill of exceptions. Also in overruling defendants' motion to set aside the default judgment.

■ The uniform rule is that a judgment on a motion to set aside a default judgment is not reviewable on appeal from that ruling nor from the final judgment. City of Birmingham v. Goolsby, 227 Ala. 421, 150 So. 322.

It is said that the motion to set aside a default judgment cannot be reviewed on appeal from the final judgment because such motion is necessarily made after the entry of such final judgment, and there is no provision for an appeal from that ruling though there is from a ruling on a motion for a new trial, since a default judgment is not on a trial. Ex parte Gay, 213 Ala. 5, 104 So. 898.

■ But the motion here was made and acted on before the final judgment from which the appeal was taken. All motions in writing occurring prior to the rendition of the final judgment may be reviewed on appeal from that judgment. Code of 1923, section 9459.

This motion was not one for a new trial under section 6088, Code of 1923. But it was a motion in writing, and subject to the terms of section 9459, Code of 1923, although the latter section did not under the Code of 1923 embrace motions for a new trial within the meaning of section 6088. This is not a motion for a new trial.

We are not dealing with the amendment made to section 9459, by the Code of 1940, Title 7, section 214, which includes motions for a new trial. How that will fit in with Title 7, section 764 is not now before us.

■ The motion here in question is not of the ordinary type of one to set aside a default judgment upon a showing which addresses itself to the discretion of the trial court. Ex parte Doak, 188 Ala. 406, 66 So. 64; Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681. It is more in the nature of a motion to expunge from the record alleged void entry of judgment as having been rendered on February 5, 1940, when, as claimed, no such judgment was rendered as appears on the minutes. The court has the power and it is his duty to expunge from the record the spurious entry. Ex parte City Bank & Trust Co., 200 Ala. 440(4), 76 So. 372; Campbell v. Beyers, 189 Ala. 307, 66 So. 651; Ex parte Anderson, ante, p. 31, 4 So.2d 420.

■ A motion to set it aside on that ground stated in substance invokes such power and duty of the court, and not its discretionary power incident to an ordinary motion to set aside a default judgment.

This Court held in Ex parte Margart, 207 Ala. 604, 93 So. 505, that the verbal statement by the trial judge made in chambers to the attorney for defendant making a motion that the hearing of it is continued to a certain day, with no notice of this order given to plaintiff nor his attorney was not the entry of an order continuing the motion, under section 6670, Code of 1923, Code 1940, Tit. 13, § 119. And in Mt. Vernon-Woodbury Mills v. Union Springs Guano Co., 229 Ala. 91, 155 So. 716, we emphasized the necessity to enter an order continuing a motion under that Code section, and that an order of continuance of a motion made in chambers was not entered until it was filed with the clerk. See Louisville & N. R. Co. v. Scott, 232 Ala. 284, 167 So. 572.

■ Likewise oral evidence is wholly inadmissible on an application to enter a judgment nunc pro tunc. Stewart's Adm'r v. Stewart's Heirs, 31 Ala. 207, 214; Perkins v. Perkins, 27 Ala. 479.

■ The pronouncement of a judgment in open court, when no memorandum is then made of it, will not support an entry nunc pro tunc at a later term. Perkins v. Perkins, supra. Compare Campbell v. Beyers, supra.

■ A judgment by default may be rendered against defendant, if he failed to plead, answer or demur within thirty days after summons and complaint has been served on him. Section 9486, Code of 1923, Code 1940, Tit. 7, § 248. As we have said, section 6670 requires certain orders to be entered. There is a distinction between a "rendition" and "entry" of a judgment. A rendition without entry is said to be sufficient for some purposes; an entry necessary for others. 34 Corpus Juris 44, section 175, 52 section 182; 30 Amer.Jur. 856, section 71.

■ When a judgment is pronounced in open court, it is rendered and the clerk could (under the Code of 1923) enter it on the minutes at any time during that term. Wynn v. McCraney, 156 Ala. 630, 46 So. 854; Code of 1923, section 6724(8). Under the Code of 1940, Title 13, section 198(8), it must be done during the session of court. The judge usually signed the minutes or supervised their entry during the term. Code of 1923, section 10125, Code 1940, Tit. 7, § 1.

It is said in Briggs v. Tennessee C., I. & Rwy. Co., 175 Ala. 130, at page 142, 57 So. 882, that there is no law requiring a judge to make bench notes, and because such notes do not include rulings which appear in the judgment entry is not good ground to hold that such rulings were not made. Bench notes were not necessary to sustain a judgment entered on the minutes during the term of court, against attack made on the judgment; and the judgment entry prevails over the bench notes when they conflict. Lockwood v. Thompson & Buchmann, 198 Ala. 295(3), 301, 73 So. 504. But they were always necessary to justify an order nunc pro tunc. During the term prior to the Code of 1923 the judge had control of the entry and could add to, strike out or alter its records. Wilder v. Bush, 201 Ala. 21, 75 So. 143. Under section 6670, Code of 1923, the judge had such power for thirty days after the judgment was rendered. Code of 1940, Title 13, section 119.

■ And while section 6724, Code of 1923, Code 1940, Tit. 13, § 198, required the entry of minutes to be made by the clerk during the term, the Act of March 26, 1936 (General Acts 1936, page 32), amending section 6667, Code of 1923, Code

694

1940, Tit. 13, § 114, seems to have effectually abolished all terms of the court. Williams v. Wicker, 235 Ala. 348, 179 So. 250. So that since then and prior to the Code of 1940, there may be some uncertainty as to when such an entry must be made. But the pronouncement of a judgment in court and its due entry by the clerk are sufficient to withstand a motion to expunge it, or set it aside, because there was no memorandum or bench note of it made by the judge before it was thus entered.

Here, the bill of exceptions shows that at a regular call of the docket, the court in substance pronounced or rendered a judgment by default with writ of inquiry. See, section 7881, Code of 1923. No bench note was made at the time. The next day defendant filed a demurrer. After that the judge made the bench note as of February 5, 1940, and later ordered the demurrer stricken. The record does not show when the minute entry was made, but the motion in question, filed February 19, 1940, seeks to set aside a default judgment theretofore rendered. We will not presume that the entry was made at a time when it could not have been done under the law, assuming its proper rendition. There was no duty under the circumstances to set aside the default judgment entered as of February 5, 1940 on the ground that it was a void or spurious entry. And there is no sufficient justification to set it aside on other principles.

We do not think the other assignments are meritorious or need discussion.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.