151 So.2d 393

Lewis GORUM, as Administrator,

v.

Mary Ella SAMUEL.

3 Div. 938.

Supreme Court of Alabama.

Feb. 21, 1963.

Rehearing Denied April 4, 1963.

Prestwood & Prestwood, Andalusia, for appellant.

Brooks & Garrett and Joe S. Thompson, Jr., Brewton, and J. O. Sentell, Jr., Montgomery, for appellee.

PER CURIAM.

The appellant, acting in his fiduciary capacity as administrator of the estate of Joseph Baker, deceased, filed suit in the circuit court of Escambia County, Alabama, to recover judgment for damages against defendant (appellee here). The complaint alleged that the defendant operated an automobile against the person of plaintiff's intestate, thereby inflicting injuries which caused his death. The jury returned a verdict for the defendant. Appellant appeals from a purported judgment rendered on the verdict of jury and entered on the minutes of the court.

The first transcript filed here has the usual certificate of the circuit clerk that pages 1 to 72 thereof, contains a full and complete record of the proceedings in the circuit court in said cause.

When filed with the clerk of this court, the transcript included page 67A upon which appears a regular and formal judgment for the defendant, together with a judgment in her favor for the court costs. The judgment appears to have been signed by the circuit judge and bears no date of rendition or entry on the minutes of the court.

Pursuant to a motion which appellee filed in this court, and of which appellant had notice, we issued an order granting leave to appellee to file in the circuit·court of Escambia County a motion to amend.the judgment nunc pro tunc so that the record in the cause may be true and correct,·or·to render proper judgment upon the verdict of the jury, and to have the same entered upon the minutes of the circuit court.

The circuit clerk of Escambia County has certified to this court a supplemental transcript of the motion and the proceedings of the circuit court of Escambia County thereon pursuant to the authorization of this court. The filing of the transcript made it a part of the record of this court for consideration on this appeal. It is conclusive and unimpeachable as it now appears. Johnson v. Bryars, 264 Ala. 243, 86 So.2d 371(5).

Also, the supplemental transcript contains a certificate of counsel for defendant (appellee here) that he mailed a copy of the motion, and of the proposed time for hearing, postage prepaid, to attorneys for the plaintiff at their address in Andalusia, Alabama.

The trial judge, in his order on the motion, set out the verdict of the jury with a finding that it was returned in open court on March 25, 1960. In addition, the order contains a finding of facts that the trial court did not pronounce or render any judgment upon the verdict of the jury, nor did it make any bench notes, entries, notations of the verdict on the trial docket; nor any memorandum noting the verdict of the jury or ordering judgment to be entered.

The court further found, according to the order on the motion, that the writing purporting to be the judgment of the court on March 25, 1960, the date the verdict was rendered, shown on page 67A of the transcript on this appeal, and attached to the motion as exhibit "A", was first presented to the trial judge by an attorney for the plaintiff on December 12, 1960, and was on that date signed by him outside of open court and without the presence of the defendant, or her attorneys, and without notice being given to the defendant, or her attorneys, as required by law; and that no proceeding to render judgment upon the verdict of the jury was ever commenced in the circuit court of Escambia County prior to the filing of the present motion of the defendant. The court further found that no judgment in the cause had ever been entered on the minutes of the court. The motion contained like allegations of fact.

Following the above finding of facts, the trial court by formal order expunged and held for naught the purported judgment of the court that appears on page 67A of the record on this appeal, and held that it was not the judgment of the trial court.

The order on the motion of defendant then concluded a follows:

"It is further CONSIDERED and ORDERED by the Court that the judgment for the defendant upon the verdict of the jury be, and the same is hereby, rendered, as of the 9th day of May, 1961; and that the same be duly entered upon the minutes.

"It is, therefore, CONSIDERED, ORDERED and ADJUDGED by the Court that the defendant now go hence and have and recover of the plaintiff all court costs in this cause, for which let execution issue.

"DONE, this the 9th day of May, 1961.

A. H. ELLIOTT,
CIRCUIT JUDGE."

On July 13, 1961, appellee filed with the clerk of this court her motion to dismiss the appeal because there was no judgment rendered or in effect at the time the appeal was taken. Submission on the merits and on the motion to dismiss was taken by this court.

After submission appellant filed a motion to strike appellee's motion to dismiss, or in the alternative for a writ of certiorari directed to the circuit clerk of Escambia County. This motion for a writ of certiorari is general and lacks specificity. Both motions were belatedly filed. The proper procedure here applicable is set forth in Ex parte Biddle, 258 Ala. 190, 61 So.2d 803(7), at page 807.

■ The legislature provided that the circuit courts of the several counties of the state shall be open for the transaction of any and all business, or judicial proceedings of every kind, at all times. Title 13, § 114, Code of Alabama, 1940.

■ The effect of this statute was to abolish the matter of the terms of court as provided by § 6667, Code of 1923. Term time now means thirty days after the ren-

dition of judgment. Section 119, Title 13, Code of 1940; Kolb v. Swann Chemical Corporation, 245 Ala. 438, 17 So.2d 402(4). Until final judgment is rendered, § 119, supra, has no field of operation.

We held in the case of Johnson v. Bryars, 264 Ala. 243, 86 So.2d 371(15), supra, that an appeal does not prevent the trial court from perfecting its record for use on appeal and that court alone has such authority. Citing Nolan v. Moore, 254 Ala. 74, 46 So.2d 825; Pappot v. Howard, 154 Ala. 306, 45 So.2d 581. See, also, Vol. 34, Corpus Juris, Judgments, § 213, p. 74.

■ The circuit court has inherent power to amend its own record so as to make it speak the truth, within the rules that govern actions in that court and in such cases. Webb v. French, 225 Ala. 617, 144 So. 818 (1). Citing §§ 7854, 7855, Code of 1923 (now §§ 566, 567, Title 7, Code of Alabama, 1940).

■ Every court must have authority to correct its own entries, so as to make them speak the truth, even after adjournment of court, on sufficient evidence. Coffey v. Wilson & Gunter, 2 Ala. 701. "The source of this inherent power is justice, and therefore the courts must have some discretion in altering their records after the time when they are said to import absolute verity." Tanner, Adm'r v. Hayes, 47 Ala. 722. See, also, 49 C.J.S. Judgments § 118.

■ In 34 Corpus Juris, Judgments, § 207, page 72, it is observed:

"A motion for entry of judgment nunc pro tunc is addressed very largely to the discretion of the court, and should be granted or refused as justice may require in view of the circumstances of the particular case."

Refusal under some circumstances may be an abuse of discretion. Taber v. Wayne, Cir. Judge, 156 Mich. 652, 121 N.W. 481.

■ There is a distinction between a "rendition" and an "entry" of a judgment.

"When a judgment is pronounced in open court, it is rendered and the clerk could (under the Code of 1923) enter it on the minutes at any time during that term. * * * Under the Code of 1940, Title 13, section 198(8), it must be done during the session of court. The judge usually signed the minutes or supervised their entry during the term. * * *"

Du Pree v. Hart, 242 Ala. 690, 693, 8 So. 2d 183, 186. Code of 1940, Tit. 7, § 1.

■ The pronouncement of a judgment in open court, when no memorandum is then made of it, will not support an entry nunc pro tunc at a later term. Du Pree v. v. Hart, supra; Perkins v. Perkins, 27 Ala. 479.

■ The court has the power and it is its duty to expunge from the record a spurious entry of judgment. Du Pree v. Hart, supra.

■ The order of this court granting leave to the appellee to file in the circuit court of Escambia County a motion to amend the judgment nunc pro tunc, or to render proper judgment upon the verdict of the jury and to have the same entered upon the minutes of the court, to which we have already referred, was an authorization to the circuit court to proceed, notwithstanding the appeal, to exercise its inherent power to make the record of the proceedings in this case to so speak the truth.

The trial judge, according to the record before us, which was certified here by the circuit clerk as correct, undertook to exercise that inherent power, after notice to appellant, by vacating and holding for naught the original entry of judgment shown on page 67A of the transcript of this appeal, and also by rendering and entering the judgment dated May 9, 1961, effective as of that date and not before.

694

The exercise of its inherent power to make the record speak the truth by vacating and holding for naught the entry of judgment shown on page 67A of the transcript of the record here filed, because it was spurious and rendered under conditions outlined in the order on the motion, was an incident to the authorization by this court to render and enter pending appeal a proper judgment. Two judgments on the same subject matter, giving rise as here to conflicting contentions, would be inconsistent with a truthful record. It appears that appellant had notice of this potential expunction by service on his counsel of a copy of the motion to be heard.

The trial judge, under the finding of facts set forth in his order and certified here by the circuit clerk as a part of the record of appeal, was justified in vacating and annulling entry of the first judgment (transcript page 67A) that it undertook to render: Campbell v. Beyers, 189 Ala. 307, 66 So. 651. Rendition and entry of the judgment, dated May 9, 1961, effective that date, without a nunc pro tunc aspect, was in consonance with the law heretofore pronounced by this court. Campbell v. Beyers, supra; Ex parte Biddle, 258 Ala. 190, 61 So.2d 803, which interprets Campbell v. Beyers, supra.

There being no final judgment rendered at the time of the appeal of this cause, this appeal, either on motion of appellee or ex mero motu, is due to be dismissed for lack of jurisdiction. Couch v. Rodgers et al., 257 Ala. 560, 59 So.2d 809. It is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the Court as its opinion.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.