# Pappot *v.* Howard.

## *Breach of Contract.*

(Decided Jan. 16, 1908. 45 South. 581.)

1. *Trial by Court; Finding of Facts; Time.*—It is not required that the special finding of the facts, as provided for by section 3320, Code 1896, should be simultaneous with the rendition of the judgment; it is sufficient if they are found and made part of the record before the judgment becomes final by operation of law on account of adjournment or on account of some statutory provision.

2. *Same; Filing of Finding; Amendments Nunc Pro Tunc.*—Where the special findings was filed with the clerk within the period, his failure to incorporate them in the minutes may be cured by an amendment nunc pro tunc.

3. *Appeal; Record; Amendment; Time.*—If properly certified to this court it is immaterial that the amendment nunc pro tunc was made at a subsequent term and pending the appeal to this court.

4. *Same; Review; Harmless Error; Right to Recover in Any Event.*—Where, under the evidence, the plaintiff has no right to recover in any event any error as to rulings on special pleas or other matters not affecting the evidence, are harmless.

[Pappot v. Howard.]

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by G. W. Pappot against Mrs. Lute Howard. From a judgment for defendant, plaintiff appeals. Affirmed.

Action on the common counts and for breach of contract. The first four counts were on the common counts. The others, six in number, were for breach of a contract and to enforce a materialman's lien. There were a number of pleas and demurrers filed and passed on by the court, not necessary to be here set out. A trial by jury was waived, and a request made for a special finding of the facts. It seems that on the trial of the cause the court made a special finding of the facts, and some time after the judgment was rendered filed said statement with the clerk, to be incorporated in the minutes along with the minutes of the judgment; but the clerk inadvertently failed to so incorporate the finding. This appearing, the appellee was permitted to continue the submission of the appeal, and pending the submission of the appeal the appellee entered a motion in the lower court to amend the minutes of the judgment nunc pro tunc by inserting therein the court's special finding of the facts. This motion was granted, and the amended minutes of the judgment sent up to this court in response to a certiorari.

The special finding of facts is substantially as follows: That on June 5, 1905, plaintiff and defendant entered into a contract by which plaintiff agreed to erect a building for defendant in Birmingham, and to furnish all the material and men necessary to erect and complete the building at a contract price of $4,625, to be paid only on certificate of the architect, as follows: Eighty per cent of the price of material on ground and in place, and labor performed, and 20 per cent to be retained until com-

[Pappot v. Howard.]

pletion and acceptance of work. That plaintiff begun work under the contract, and continued in the prosecution of the same until August 15, 1905, at which time the reasonable value of the materials on the ground and in place and labor performed thereon was $1,500. The defendant had paid plaintiff on said work $1,325. Plaintiff then demanded of defendant additional payment, claiming that the sum paid him was not 80 per cent of the materials and work. That upon defendant's refusing plaintiff's demand, plaintiff abandoned the work and did nothing further in connection with it, and defendant took possession of the work and completed the job at a cost of something near $3,000 in excess of the price at which plaintiff had contracted to do the same. And it was further found by the court that plaintiff could not have completed the work at the price contracted for, and that the work which was done up to that time was not done in a skillful or workmanlike manner, and not according to contract; the statement particularizing wherein it was not. It was further found that the reasonable cost of performing plaintiff's contract was largely in excess of the price agreed on, and that there was no profit to the plaintiff in the contract at the price at which he had taken it. It is further found that defendant had paid plaintiff the reasonable value for the work and labor done by plaintiff and accepted by defendant. It is further found that plaintiff voluntarily abandoned the work and without just cause, and that plaintiff had breached his contract before defendant had given him any notice whatever to quit, and on this there was judgment for the defendant.

CAMPBELL & JOHNSON, for appellant. To be good, a plea of set-off must be in all respects as formally pleaded and as fully pleaded as would be an independent count

[Pappot v. Howard.]

or complaint.—*Long v. Waters,* 47 Ala. 624; *Eads v. Murphy,* 52 Ala. 520; *Castleman v. Jeffries,* 60 Ala. 380; *Lawton v. Ricketts,* 104 Ala. 435. The plea of set-off is also demurrable for failing to set up that the cause of action therein stated was existing at the time this suit was filed or that such damages had at that time accrued. —*Goldthwaite v. The Bank,* 67 Ala. 549. Plea E. is patently demurrable.—*Arnes v. Wyndham,* 137 Ala. 513. The finding was not sufficient, nor were the finding of the facts entered upon the minutes.—*McCarthy v. Zeigler,* 67 Ala. 43; *Quillman v. Gurley,* 85 Ala. 594.

GEORGE HUDDLESTON, for appellees. A special finding having been demanded and no bill of exceptions being reserved to show the evidence, it will be presumed that the finding of facts was proper and supported by the evidence in every particular.—*Chandler v. Crossland,* 126 Ala. 176; *Kitchen v. Robinson,* 138 Ala. 421. The finding of the facts made by the trial court shows that plaintiff was not entitled to recover under either count of the complaint and that neither was sustained by the evidence, and it, therefore conclusively appears from the record that no error in the rulings on the pleadings was harmful to plaintiff, so that it is unnecessary for the court to consider the propriety of these rulings.— *Cross v. Esslinger,* 133 Ala. 409; *Andrews v. Hall,* 132 Ala. 320; *Grunewald v. Copeland,* 131 Ala. 345; *McCarley v. White,* 154 Ala. .

ANDERSON, J.—Section 3320 of the Code of 1896 provides, when a special finding is requested, that "the court must state in writing the facts, as it finds them, and such statement, with the judgment of the court, must be entered on the minutes." The law does not require or contemplate that the special finding shall be si-

multaneous with the rendition of the judgment. It is sufficient if the facts are found and made a part of the record any time before the judgment becomes final, either by adjournment of the court or the operation of the statute, making judgments final before adjournment. The act of February, 1889 (page 704 of Weakley's Local Laws of Jefferson County; Loc. Laws 1888-89, p. 801), by section 11 provides that final judgments shall be beyond the control of the court after 30 days from the rendition thereof. The judgment was rendered in the case at bar on October 6th, and the special finding was filed with the clerk November 4th following, within 30 days, and before the judgment became final. It thus became quasi a part of the record, and the failure of the clerk to incorporate it in the minutes of the court was an omission which could be supplied nunc pro tunc.—*Myers v. Conway*, 90 Ala. 109, 7 South. 639. And it was immaterial that the amendment was made at a subsequent term and during the pendency of this appeal, as it has been properly certified to this court.—*Seymour & Son v. Thomas Harrow Co.*, 81 Ala. 250, 1 South. 45.

If the trial court erred in the rulings as to the special pleas and the replications to same, it affirmatively appears that it was error without injury. The defendant interposed the plea of the general issue, upon which the plaintiff took issue. This put upon him the burden of proving his complaint, which he failed to do, as the finding of facts discloses that the plaintiff voluntarily abandoned his contract without legal cause for doing so. As he failed to show a performance, or that he was prevented by the defendant from doing so, he could not recover upon the counts for a breach. Nor could he recover for the quantum meruit under the common counts.—*Martin v. Massie*, 127 Ala. 504, 29 South. 31. It is therefore clear that, no matter what errors may be found in the

rulings with reference to the special pleas, it could not and did not operate to appellant's injury, since he was not entitled to recover in any event.—*Cross v. Esslinger,* 133 Ala. 409, 32 South. 10; *Andrews v. Hall,* 132 Ala. 320, 31 South. 356. It is true there was no evidence offered in the foregoing cases; but the rule is analogous when evidence is offered, but fails to establish the material averments of the complaint.

The judgment of the circuit court is affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.