(110 So. 27)

## YORKSHIRE INS. CO. v. BACHUS et al.
### (7 Div. 643.)

(Supreme Court of Alabama.   Oct. 28, 1926.)

1. **Appeal and error** ⚮◌662(2)—Bill of exceptions held to show that it contained all evidence on which court based its judgment, and Supreme Court cannot assume that evidence not shown by bill was offered and considered.

Bill of exceptions, stating that it contained all the evidence and that records not shown were withdrawn from evidence, *held* to show that it contained all the evidence on which court based its judgment, and Supreme Court cannot assume that any evidence was offered and considered which is not shown by bill of exceptions.

2. **Appeal and error** ⚮◌662(1).

Supreme Court is controlled by contents and statements of record, and absolute truth must be imputed to it.

3. **Appeal and error** ⚮◌1012(1).

When witnesses are examined orally before court, its conclusion as to facts has effect of jury verdict and will not be disturbed, unless contrary to great weight of evidence.

4. **Insurance** ⚮◌83(1) — Whether agent paid principal parts of premiums collected held one of fact, and not of law.

In suit by insurance company for breach of bond by agent, question whether agent failed to pay company parts of premiums collected *held* one of fact, and not of law.

5. **Insurance** ⚮◌84(2).

Insurance agent, on termination of agency, *held* entitled to no compensation as commissions on premiums of canceled policies issued by him, which he could not collect and which were never paid to insurance company.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by the Yorkshire Insurance Company against Thomas W. Bachus and J. C. Brittain. From a judgment for defendants, plaintiff appeals. Reversed and remanded, with directions.

Goodhue & Lusk, of Gadsden, for appellant.

It cannot be assumed that any evidence was offered or received, not shown by the bill of exceptions, which purports to contain all the evidence. Ayers v. Roper, 111 Ala. 651, 20 So. 460; Butterworth v. Cathcart, 168 Ala. 262, 52 So. 896; Donaldson v. Wilkerson, 170 Ala. 507, 54 So. 234.

W. J. Boykin, of Gadsden, for appellees.

Where there is any evidence tending to support the judgment, the appellate court will affirm it.

MILLER, J.   This is a suit by the Yorkshire Insurance Company, a corporation, an

insurance company engaged in business of writing insurance, against Thomas W. Bachus, its agent, and J. C. Brittain on a bond given to it by Bachus, as principal, with Brittain as surety; plaintiff claims damages for breach of the bond, and alleges that Bachus, as its agent, did collect and receive sums of money in form of premiums due it, and failed to pay the parts thereof due plaintiff to it. The defendant pleaded general issue, payment, set-off, and recoupment. The cause was tried by the court without a jury; it rendered judgment on the issues in favor of the defendant, and taxed the plaintiff with the court cost. The plaintiff prosecutes this appeal from that judgment, and it is the error assigned.

The appellee insists there was other evidence before the court, not shown by the bill of exceptions, which persuaded the trial court to the conclusion reached. The bill of exceptions contains this statement, at the conclusion of the testimony: "This was all the evidence." The defendants offered certain documents in evidence, the court overruled plaintiff's objections to them, and plaintiff excepted. Then we find this: "The documents introduced by the defendant were as follows."

Then there appears in the record a copy of about 40 papers, written statement of account between plaintiff and defendant made by defendant, letters, documents, and agent's records. And at the end thereof, we find this in the bill of exceptions:

"In addition to the above and foregoing 'agent's records,' which were offered in evidence and to which plaintiff objected, as above noted, the defendant offered a large number of other 'agent's records,' which were later withdrawn from the evidence and from the case, as will be hereinafter noted."

Then we find this in the bill of exceptions:

"Here the witness, by reference to a list not offered in evidence, separated from the agent's abstract of policies heretofore offered in evidence certain policies which were withdrawn from the case and were no longer considered as offered in evidence, the ones withdrawn being different and other than those being listed heretofore."

[1, 2] It is clear and evident from the foregoing statements in the bill of exceptions that it contained all the evidence in the cause on which the court reached its conclusion and on which it based its judgment. Under the foregoing statements, this court cannot assume that any evidence was offered and considered by the trial court which is not shown by the bill of exceptions. This court must be controlled by the contents and statements of the record, and absolute truth must be imputed to it. Ayers v. Roper, 111 Ala. 651, 20 So. 460; Butterworth v. Cathcart, 168 Ala. 262, 52 So. 896; Donaldson v. Wilkerson, 170 Ala. 507, 54 So. 234.

[3] There were two witnesses examined in this case orally before the court, one was the agent of the plaintiff, and the other was the defendant Bachus. The court by its judgment found that defendant did not owe the plaintiff and the plaintiff did not owe the defendant anything. When the witnesses are examined orally before the court, as in this case, its conclusion as to the facts has the effect of the verdict of a jury, and it will not be disturbed by this court unless it is contrary to the great weight of the evidence. Finney v. Studebaker, 196 Ala. 422, 72 So. 54; Thompson v. Collier, 170 Ala. 469, 54 So. 493; Bell v. Blackshear, 206 Ala. 673, 91 So. 576.

[4, 5] The question presented is one of fact and not of law from the record. Bachus was the agent of plaintiff, writing insurance for it, collecting premiums, and receiving as compensation 15, 20, and 25 per cent. of the premium when collected, according to the class of the insurance, and he was to remit monthly balance of the premiums to the plaintiff. When Bachus issued a policy, he became responsible to plaintiff for the premium less his commission, and he was allowed 60 days to collect from the insured and remit to the company. In January, 1924, Bachus was largely indebted to plaintiff for its part of premiums collected or unpaid on policies issued by him. The agency was terminated about the 5th of January, 1924, and Bachus was instructed to cancel all policies issued prior to about October 1, 1923, where the premium was not paid and could not be collected by him. Such policies were canceled by Bachus. It was a flat cancellation, the company getting no premium, and Bachus was entitled to no compensation as commissions, as he could not collect the premiums.

Bachus testified:

"He permitted me to cancel back as far as October 1, 1923. This was on cancellations occurring during January. Later cancellations he refused to cancel further back than November or December for February or March. There was no arrangement made about commissions."

He also testified:

"Not a thing was done with reference to any compensation to me for services rendered in securing these policies that were canceled because they came in and demanded that I collect the money or take up the policies, and I couldn't get the money and had to take them up. Policies that I had written in these various companies were terminated on the order of the Yorkshire to cancel them because the premiums had not been paid. I was not allowed anything on the work I did. They didn't allow me anything for the time and services that I rendered in going around and securing these policies. They have allowed me something for it within the last 20 or 30 days—various amounts. I have memorandum of figures to show what they allowed."

The defendant Bachus introduced in evidence a written statement of the amount due by him to the plaintiff and the amounts

claimed by him against plaintiff which was, in substance, as follows:

| | |
|---|---|
| Amount due plaintiff by him, for its part of premiums collected by him to March 3, 1924 | $1,876 74 |
| Between March 3, 1924, and October 24, 1924, he was entitled to credit, by return premiums on canceled policies, five amounts, aggregating | 888 79 |
| This leaves balance due plaintiff sum of.... | $ 987 95 |

There is practically little or no controversy between the parties as to the account and amounts as above stated. But the defendant then claims six separate items in this account, all dated October 20, 1924, for commissions (on returned canceled policies), aggregating $1,420.38, making balance due him by plaintiff the sum of $1,420.38 less the $987.95 equal $432.43.

The defendant Bachus testified this $1,-420.38 claimed by him was for commissions on premiums on policies issued by him, and the premiums thereon were never collected by him or the plaintiff and the policies were canceled. The great weight of the evidence sustains the contention of the plaintiff that defendant Bachus was not entitled to this $1,420.38 for commissions on premiums on policies issued by him, which he did not and could not collect and which were never paid to the plaintiff.

It results that the trial court erred in the judgment rendered. It should have rendered a judgment in favor of the plaintiff for $987.95, against Thomas W. Bachus and J. C. Brittain, and for the cost of the cause.

The judgment will be reversed and the cause remanded, with directions that the trial court enter judgment in accordance with this opinion.

Reversed and remanded, with directions.

SAYRE, GARDNER, and BOULDIN, JJ., concur.