(116 So. 508)

**BOLEN BROS. v. MILLER.** (I Div. 763.)

Court of Appeals of Alabama. March 27, 1928.

Rehearing Denied May 22, 1928.

Joe M. Pelham, Jr., of Chatom, for appellants.

Vernol R. Jansen, of Mobile, for appellee.

RICE, J. From a judgment against them in a suit on a promissory note, with waiver of exemption as to personal property, brought by appellee, appellants prosecute this appeal.

The suit appears to have been originally brought in the name of Kathleen Coate, by her next friend, Leila Wilson; the testimony showing that at the time of the institution of the suit Kathleen Coate was a minor. No objection was taken to the style or form in which the suit was begun, and, while it was pending, Kathleen Coate came of age, married Mr. Miller, and the complaint was amended to lie in the name of Kathleen Coate Miller, all without objection. It further appears that Leila Wilson was the mother of Kathleen Coate Miller, and that the two Bolens named were the brothers of the said Leila Wilson.

A great deal of the testimony in the case had to do with the business dealings between Leila Wilson and the Bolen brothers, as to whether or not they had "paid her in full," etc. But, as we see it, Kathleen Coate Miller, being a minor at the time of the transaction testified about, was bound by none of this, and, as to her claim on the note introduced in evidence at the trial, it was all irrelevant. Appellants cannot complain at any of the rulings concerning same.

True, there was some evidence that Mrs. Leila Wilson purported to settle and accept satisfaction for Kathleen Coate Miller's claim, and appellants contended that this attempted settlement was ratified or confirmed by Kathleen Coate Miller after she attained her majority. But, whether there was evidence to support this contention or not, the trial court saw and heard the witnesses, and his finding against appellants' contention would not, in the state we find the evidence, be overturned by us.

There could not have been prejudicial error in sustaining appellee's demurrers to appellants' plea 3 (if plea it was), for the reason that appellants were allowed to, and did, offer the same evidence under their plea of the general issue that would have been admissible under this plea.

Although it appears that the "special finding of fact" provided for in section 9500 of the Code of 1923 need not be made simultaneously with the rendering of the judgment (Pappot v. Howard, 154 Ala. 306, 45 So. 581), yet we are of the opinion that the request for same must be filed before a judgment is rendered. This would seem to be the intention of the statute.

The request for the "special finding" in this case, coming after judgment had been rendered, was too late, and the court did not err in refusing to make same.

What we have said seems to dispose of those assignments of error insisted upon in brief of appellant. The case was tried before the court, without a jury. And, so far as we can see, all parties were allowed to produce all competent and relevant testimony.

478

The trial judge's finding will not be disturbed, and the judgment is affirmed.

Affirmed.