SIMMONS *v.* BAINTER.

(Division A.   Dec. 16, 1929.)

[125 So. 338.   No. 28004.]

Currie, Stevens & Currie, of Hattiesburg, for appellant.

Morris & Wingo, of Hattiesburg, for appellee.

Cook, J., delivered the opinion of the court.

O. R. Burkett, operating as the Burkett Sheet Metal Works, instituted suit in the county court of Forrest county against the appellant, M. M. Simmons, seeking to recover for labor and material furnished the appellant in the construction of a dwelling house located on a certain particularly described lot in the city of Hattiesburg, Mississippi, and to enforce a lien on the house and lot for the debt due for such labor and material. The appellee, B. F. Bainter, operating as the Bainter Electric Company, and others claiming similar liens, were made defendants to this proceeding, and the appellee appeared and propounded his claim for electrical supplies furnished, and for electric wiring installed in the said building, and as the basis of his claim filed an itemized state-

ment of account showing a balance due him of two hundred seventy-three dollars and forty-one cents. The appellant filed an answer under oath, denying any indebtedness to appellees, and expressly denying each and every item of the account. The trial in the county court resulted in a verdict and judgment for the appellee for the full amount of his claim, and from this judgment the appellant appealed to the circuit court. In the circuit court the judgment in the county court was affirmed, and from this judgment of affirmance an appeal was prosecuted to this court.

Upon the appeal of the cause to the circuit court the appellant assigned as error the instructions granted to the appellee in the county court, among which was the following:

"The court instructs the jury that if your verdict should be for the petitioner defendant, Bainter, then the form thereof may be as follows: 'We the jury find for the petitioner defendant in the sum of two hundred seventy-three dollars and forty-one cents.' "

While the appeal was pending in the circuit court, the appellee filed a motion in the county court, setting forth that, when the above quoted instruction was requested by counsel, and granted by the judge of the county court, it did not contain the figures two hundred seventy-three dollars and forty one cents, but the form of the verdict, as granted by the trial judge, was: "We the jury find for the petitioner defendant in the sum of $———;" that the jury inserted the figures, two hundred seventy-three dollars and forty-one cents, in the blank space in this instruction; that the clerk of the county court, in making up the record for the appeal to the circuit court, copied the instruction as it appeared after it had been altered or changed by the jury; and that consequently the instruction as it appeared in the record is not the instruction which was granted by the trial court. The motion further set forth that this alteration or change in the

instruction was not detected until after the clerk had completed the record and certified the same to the circuit court, and the appellant had assigned as error the form of this instruction.

The prayer of this motion or petition was that a day certain be fixed for the hearing thereof, that all parties interested be notified to appear and show cause, if any, why the same should not be sustained, and that, upon the hearing of the motion, the court should grant an order directing the clerk of the county court to certify to the circuit court a correct copy of the instruction as given by the court, in lieu of the erroneous instruction appearing in the record, and also a complete record of the testimony heard and proceedings had on this motion. Upon the hearing of the motion testimony was offered in support thereof, and the county court entered an order, directing its clerk to certify to the circuit court the corrected instruction, together with the complete record of the testimony heard and proceedings had on the motion.

In support of the assignments of error based upon alleged errors in the instructions, the appellant contends, first, that the county court erred in granting an order undertaking to modify and correct the record as originally filed in the circuit court, and consequently this court is limited to a consideration of the instruction as originally filed in the circuit court; and, second, that the instruction as originally filed was peremptory as to the amount that should be awarded in the event a verdict was returned for the plaintiff, and therefore constitutes reversible error.

An appellate court has no power to correct a record made in the court below, but the trial court is the proper tribunal to hear and determine motions and proceedings to correct a record made in that court. The motion to correct the record made in this cause in the county court was heard by the trial judge, after notice to the parties,

upon oral and written evidence, and this action of the trial court was in accord with approved procedure. Brown v. Sutton (Miss.), 120 So. 820. The proof offered in support of the motion to correct the record was sufficient to warrant the trial judge in making the order correcting this instruction, and when this order, together with the record of the proceedings upon which it was based, was properly certified to the circuit court, the corrected instruction became a part of the record in the appellate court. The instruction as corrected presents no error.

The appellant also complains of two instructions which, in effect, informed the jury that, if it believed from the preponderance of the evidence that the appellee furnished and installed in the building electrical supplies and equipment, at the instance and request of the appellant, for which no agreement was had as to the price to be charged, then the appellant would be liable to the appellee for the "then usual and current retail price of such supplies, equipment and labor." The proper measure of liability under an implied contract to pay for material and labor furnished is the reasonable value of such material and labor, and, consequently, these instructions are technically inaccurate in stating the measure of such liability to be the then usual, customary, and current retail price thereof; but, on the record now before us, these inaccuracies do not constitute reversible error. The usual and current retail price of the items charged on the account was admissible in evidence, as tending to establish the reasonable value of such labor and material. The appellant testified that certain items on the account connected with the installation of stoves or heaters in the building were covered by an express contract between the appellant and appellee, and that the charges therefor were in excess of the contract price. As to these items, the appellee testified that they were not covered by any contract between the parties, and that the charges

were the usual and customary charges for like material and labor, and were reasonable. The reasonableness of the prices charged on other items of the account was not questioned, and the defense offered thereto by appellant was one of payment. In fact, his principal contention throughout was that the entire account had been fully paid; and, under the evidence found in this record, we do not think the appellant could have been prejudiced by the inaccuracies in the instructions complained of. Other criticisms of the instructions present no reversible error.

Finally, the appellant contends that the testimony offered by the appellee in support of the items of the account, and the liability of appellant therefor, was not sufficient to sustain a verdict in his favor. It is true that the testimony offered by the appellee is in some respects confused and unsatisfactory; but, after repeated readings of the entire testimony in the record, we have reached the conclusion that it is sufficient to support the verdict. The judgment of the court below will therefore be affirmed.

Affirmed.