45 So.2d 785

### BAILEY v. STATE.
### 4 Div. 604.

Supreme Court of Alabama.
April 20, 1950.

J. A. Carnley, of Elba, for petitioner.

554

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., opposed.

FOSTER, Justice.

The question treated by the Court of Appeals relates to that feature of the record showing that the judgment was amended by the circuit court *nunc pro tunc* after the appeal from the judgment of conviction reached the Court of Appeals. The appeal being on the record without a report of the trial, the question was the sufficiency of the judgment of conviction. That judgment was defective. In response to a certiorari the circuit court amended the judgment to remedy the defect and the record in that proceeding was certified to the Court of Appeals. There was an affirmance upon the basis of the amended judgment. Appellant on the hearing of the *nunc pro tunc* proceeding took exceptions and appealed from that ruling. The opinion of the Court of Appeals reviewed that proceeding and affirmed. That procedure was regular. Youngblood v. Youngblood, 54 Ala. 486; Town of Camden v. Bloch, 65 Ala. 236; Ex parte French, 226 Ala. 297, 147 So. 631; Home Ins. Co. v. Shriner, 235 Ala. 65, 177 So. 897.

The opinion of the Court of Appeals shows that the judgment as originally written erroneously recited the return of a certain verdict. The verdict which was so recited in the judgment was one which had been returned in some other case and did not justify the fine imposed in the one now on appeal, section 335, Title 15, Code, but the verdict which was returned in this case had been lost or mislaid and could not be found. Its existence and contents and loss were fully established. The question raised was whether verbal proof of a lost verdict is sufficient record evidence to support an amendment *nunc pro tunc*. The Court of Appeals refers to the case of Lewis v. State, 10 Ala.App. 31, 64 So. 537, in support of the sufficiency of such evidence. That opinion is directly in point.

Appellant has asked us to overrule the Lewis case, supra, because it is said to be contrary to the settled principle that a judgment cannot be amended *nunc pro tunc*, except upon record or quasi record evidence sufficient to that end. In the Lewis case that rule was recognized. But we understand it to mean that the court hearing the motion had the inherent power to substitute a lost record, which could be done on satisfactory verbal testimony. And when such verbal testimony of the lost record has been presented in the motion to amend *nunc pro tunc* and it is sufficient to authorize a substitution of the lost record, and that record as substituted would be sufficient to justify the amendment *nunc pro tunc*, it should be treated as sufficient record evidence upon which to base the judgment *nunc pro tunc*, without the necessity of a formal order of substitution.

We think what is said in the opinion in the Lewis case, supra, fully recognizes the principle that an amendment *nunc pro tunc* can be made only upon record or quasi record evidence and that it was not the purpose of the court to modify that rule in any respect. In view of what we think the opinion means, as stated above, it does not modify that rule.

The Lewis case, supra, has stood for a long time and seems to have been unchallenged and we do not wish now to do so. It is not necessary to do so in order to apply the well established rule as to the nature of the evidence sufficient to support an amendment of the judgment *nunc pro tunc*.

We call attention also to that feature of the opinion of the Court of Appeals in which it is stated that the bench notes of the trial court were introduced in evidence on the motion to amend and that "reflected that the fine was assessed in the verdict rendered." In accordance with our well

established rule, which justifies us in looking at the record which the Court of Appeals had before it and to which it referred, in order to understand better what is said about it in the opinion of the Court of Appeals, and for that purpose, we have examined the record and find that the bench notes are as follows in so far as here material, "Jury and verdict of guilty assessing a fine of $25.00." The question here being whether or not the verdict of the jury in this case did assess a fine of $25. It seems clear to us that the statement which we have quoted from the opinion of the Court of Appeals is fully justified and means that the bench notes show that the verdict did assess a fine of $25, and therefore the judgment of the trial court amending the original judgment in that respect is supported by the bench notes and they are sufficient record evidence upon which such an amendment may be made. Ex parte Curry, 248 Ala. 384, 27 So.2d 630.

We see no reason, therefore, to order a certiorari in this case, and the certiorari is denied.

Writ denied.

BROWN, LAWSON and STAKELY, JJ., concur.