86 So.2d 371

Willie JOHNSON

v.

Earl A. BRYARS.

1 Div. 654.

Supreme Court of Alabama.

March 22, 1956.

Rehearing Denied April 12, 1956.

N. S. Hare, John D. Bonham and David Miller Nettles, Monroeville, for appellant.

C. Lenoir Thompson, Bay Minette, and B. E. Jones and R. L. Jones, Monroeville, for appellee.

## PER CURIAM.

This is an appeal from a judgment of nonsuit to review a judgment overruling demurrers to pleas.

The judgment of nonsuit is in good form and complete in that respect. It recites that it is taken by plaintiff to review the judgment upon rulings on demurrer to pleas 3, 4 and 5. The assignments of error are as to those rulings. But the record as originally certified did not contain a judgment to that effect. The certificate of the clerk to the transcript, dated November 14, 1955, is that it contains a full and complete copy of the record and proceedings of said court in this cause. On December 21, 1955, a certiorari was issued to complete the record by certifying the order or judgment of the court on the demurrer of plaintiff to the pleas of defendant. On January 12, 1956 the clerk made return to the certiorari, which included a copy of a judgment complete on its face showing the rulings of the demurrer to the complaint and that the demurrer to pleas of res judicata and 4 and 5 of estoppel was overruled; and that to review it a nonsuit was taken. The judgment of nonsuit was repeated. The certificate of the clerk was "that at the time the transcript to the Supreme Court of Alabama was prepared in this cause this judgment had not been written up or entered on the minutes of the court. * * that this judgment conforms with the bench notes entered on the docket sheet in this case by Hon. A. H. Elliott, Circuit Judge". The judgment so certified is signed by said judge. We assume that to mean that said judgment as entered showing a ruling on the demurrer was not entered on the minutes until sometime (the date not given) after the original transcript was certified and filed here. It was certified November 14, 1955 and filed here November 17, 1955.

The judgment of nonsuit in the original transcript was dated March 28, 1955. So that when the clerk certified to the tran--

script on November 14, 1955, the judgment on the demurrer had not been extended nor entered on the minutes. The amended transcript was filed January 12, 1956. It included the complete judgment. It follows therefore that such judgment was entered between November 14, 1955 and January 12, 1956, or more than thirty days after the final judgment was rendered which was March 28, 1955, and without a nunc pro tunc proceeding.

Along with the submission here on the merits, appellee "moves this Court to strike that certain alleged judgment in the above entitled cause, which appears in the supplemental transcript filed in this cause by the clerk of the Circuit Court of Monroe County, Alabama, as return to the writ of certiorari". The grounds of the motion may be summarized as that the judgment is void; was entered without authority of law; entered pending this appeal; that appeal was taken from the judgment of nonsuit and not from the judgment on the demurrer to the pleas.

At the same time there was also submitted a motion by appellant to this Court "to amend the final judgment of the Circuit Court of Monroe County appealed from in this case * * * by adding the formal words 'considered and adjudged' to that part wherein the Circuit Court of Monroe County recites its overruling of plaintiff's demurrers to defendant's pleas 3, 4 and 5 or so amending said judgment as will carry out the manifest intention of the circuit court".

■ This Court cannot strike the judgment as certified from the minutes of the circuit court except upon a review of the judgment of that court acting upon a motion to strike. Campbell v. Beyers, 189 Ala. 307, 66 So. 651; Simmons v. Bainter, 155 Miss. 804, 125 So. 338. The circuit court has exclusive primary right to do so and to amend its judgment nunc pro tunc. Webb v. French, 225 Ala. 617, 144 So. 818. When the clerk certifies that the transcript which he made is a true and correct copy of the record and proceedings of that court, we accept as true that such is the record

and proceedings of that court. If the transcript is not correct or omits something, the remedy is to ask for a writ of certiorari to complete it. This Court will not, on original application to it, alter, amend or strike any matter which is thus certified on the ground that the record of the trial court is imperfect, defective or incomplete. That is the province of the trial court. Wood v. Amos, 236 Ala. 477, 183 So. 639; Home Ins. Co. v. Shriner, 235 Ala. 65, 177 So. 897; Ex parte French, 226 Ala. 297, 147 So. 631; Webb v. French, supra; 4 C.J.S., Appeal and Error, § 1117, pp. 1588, 1589. The "record filed for purpose of appeal is sole, conclusive and unimpeachable evidence of proceeding in lower court". Union Mutual Ins. Co. v. Robinson, 216 Ala. 527, 113 So. 587; Yorkshire Ins. Co. v. Bachus, 215 Ala. 112, 110 So. 27; Prinz v. Weber, 126 Ala. 146, 28 So. 10. Therefore, this Court cannot sustain either the motion to strike the judgment from the record nor the motion to amend the final judgment.

■ It is necessary when an appeal is taken from a final judgment, and the assignments of error are based upon rulings on demurrer to the pleading, that the record contain a judgment in proper form sustaining or overruling the demurrer. Herrington v. Hudson, 262 Ala. 510, 80 So.2d 519; Thomas v. White, 244 Ala. 128, 12 So. 2d 567; Alabama Fuel & Iron Co. v. Vaughan, 205 Ala. 589, 88 So. 857; Tallassee Falls Mfg. Co. v. Western Railway of Alabama, 128 Ala. 167, 29 So. 203. The ruling on the demurrer is a part of the judgment roll. Millican v. Mintz, 251 Ala. 358, 37 So.2d 425; 49 C.J.S., Judgments, § 125, p. 261, note 75.

■ A judgment at law may be amended nunc pro tunc within three years after it is pronounced by pursuing the method provided by the statutes, sections 566–567, Title 7, Code. This includes, as a feature of the judgment so amended, rulings on the pleading regardless of whether those rulings were had at the same time when the final judgment was rendered. The judgment on the pleading, of course, may be amended at any time without any

procedure to that end while the cause is in fieri, that is, before the final judgment. Ex parte Green, 221 Ala. 298(5), 129 So. 72; Scott v. Leigeber, 245 Ala. 583, 18 So. 2d 275. But after the final judgment has been rendered the same processes for amendment nunc pro tunc as to pleadings are necessary as for an amendment of any other feature of the final judgment. When a final judgment is rendered and a bench note made of it, but it is not extended on the minutes it is not then an authentic record of the judgment of the court. But by a proceeding nunc pro tunc under section 567, Title 7, Code, conducted within three years thereafter, it may be ordered written up on the minutes and when this is done it relates back to the date of its rendition. Without such a proceeding, the entry of a judgment on the minutes by the clerk pursuant alone to the authority of the bench notes must be done within term time. Wynn v. McCraney, 156 Ala. 630, 46 So. 854; Campbell v. Beyers, 189 Ala. 307, 66 So. 651; Ex parte Brandon, 243 Ala. 610, 11 So.2d 561; Ex parte Alphonse, 261 Ala. 177, 73 So.2d 727. Term time now means thirty days after the rendition of the judgment. Section 119, Title 13, Code; Kolb v. Swann Chemical Corp., 245 Ala. 438, 17 So.2d 402; Pate v. State, 244 Ala. 396, 14 So.2d 251; Ex parte Brandon, supra; Sisson v. Leonard, 243 Ala. 546, 11 So.2d 144.

■ Proceedings leading to a judgment nunc pro tunc may be had in the circuit court where the judgment was rendered, *after an appeal has been taken to this Court,* and when on such a proceeding a final judgment is made effective as of the date when it was rendered any defect therein with respect to its entry on the minutes is cured. Seymour v. Thomas Harrow Co., 81 Ala. 250, 1 So. 45; Bailey v. State, 253 Ala. 553, 45 So.2d 785.

■ It is said in many of our cases that an appeal does not prevent the trial court from perfecting its record for use on appeal and that court alone has such authority. See, Nolan v. Moore, 254 Ala. 74, 46 So.2d 825; Home Ins. Co. v. Shriner, 235 Ala. 65, 177 So. 897; Pappot v. How-

ard, 154 Ala. 306, 45 So. 581. That was not done in this case.

■ The transcript as certified by the clerk does not show an authentic judgment on the demurrer of plaintiff to the pleas, on which the assignments of error are based. What purports to be such a judgment is shown by the certificates of the clerk to the transcript to have been put on the minutes after the expiration of thirty days from the date of the final judgment and without an order nunc pro tunc, and cannot be considered as effective.

Both motions should therefore be overruled, and the judgment affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Motions overruled. Judgment affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.